Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 14, 2007         Decided May 11, 2007

No. 05-3133

UNITED STATES OF AMERICA,
APPELLEE

v.

LORENZO R. SANDERS,
APPELLANT

———

Consolidated with
No. 05-3155

———

Appeals from the United States District Court
for the District of Columbia
(No. 02cr00055-01)
(No. 02cr00055-02)

———

*Howard B. Katzoff*, appointed by the court, argued the cause for appellant Lorenzo R. Sanders. *Beverly G. Dyer*, Assistant Federal Public Defender, argued the cause for appellant John Turner. With them on the briefs was *A. J. Kramer*, Federal

Public Defender.  *Shawn Moore*, Assistant Federal Public Defender, entered an appearance.

*John P. Mannarino*, Assistant U.S. Attorney, argued the cause for appellee.  With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III* and *David B. Goodhand*, Assistant U.S. Attorneys.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: In this appeal, the court must decide whether the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, was violated in the prosecutions of Lorenzo R. Sanders[1] and John Turner.  The Act requires criminal trials to commence within seventy days after a defendant is indicted or appears in court, whichever is later, after certain periods prescribed by the statute are excluded.  Following appellants' convictions by a jury, the Supreme Court clarified the operation of the Act in view of its twin goals of effectuating the interests of the public and of the defendant in a speedy trial.  *See Zedner v. United States*, 126 S. Ct. 1976, 1984 (2006).  Given the guidance of this new decision, we hold that the district court did not make the necessary findings to support its exclusion of certain periods of delay.  As a result, appellants' rights under the Act were violated and our only recourse is to vacate the convictions and remand to the district court with instructions to dismiss the indictment.  *See id.* at 1989-90.

---

[1] Sanders' name was misspelled as "Saunders" in earlier proceedings.  *See* 8/25/05 Tr. at 13.

3

**I.**

Sanders and Turner were indicted on February 5, 2002, on charges stemming from the execution of a search warrant the month before, when they were found in an apartment containing evidence of a drug trafficking operation and a loaded pistol that was stowed between the headboard and a bedroom wall. A trial commenced in December 2002 that resulted in a conviction of both appellants of possession with intent to distribute a detectable amount of heroin; the jury was unable to reach a verdict on the remaining counts. The district court declared a mistrial on the deadlocked counts and granted a motion for a new trial on the heroin count because a poll of the jury revealed that its verdict was not unanimous.

A second trial was held in September 2003 that resulted in convictions of both appellants of possession with intent to distribute cocaine base and heroin and possession of a firearm by a felon; the jury acquitted on the charge of possession of a firearm in furtherance of a drug trafficking offense. On appeal, this court vacated the original sentences, imposed on March 12, 2004, in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Saunders*, No. 04-3040 (D.C. Cir. Apr. 7, 2005); *United States v. Turner*, No. 04-3024 (D.C. Cir. Apr. 7, 2005). On remand, the district court sentenced Sanders to concurrent terms of imprisonment of 168 months and Turner to concurrent terms of imprisonment of 200 months. Sanders and Turner now challenge their convictions, contending among other things that they were denied their right to a speedy trial.

**II.**

The Speedy Trial Act provides that "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment,

or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act lists periods of delay that are excludable from the seventy-day maximum, *see id*. § 3161(h). On appeal, Sanders and Turner contend that their convictions must be reversed and the indictment dismissed because more than seventy non-excludable days elapsed before their trial began. The speedy trial challenge is reviewed *de novo* on matters of law, *United States v. Fonseca*, 435 F.3d 369, 371 (D.C. Cir. 2006), and for clear error as to findings of fact, *see United States v. Badru*, 97 F.3d 1471, 1476 (D.C. Cir. 1996). We first address the government's waiver arguments and then turn to appellants' contentions that not enough days were properly excluded by the district court to satisfy the Act.

**A.**

The Speedy Trial Act provides that "[f]ailure of the defendant to move for dismissal prior to trial . . . constitute[s] waiver of the right to dismissal." 18 U.S.C. § 3162(a)(2); *see also United States v. McNeil*, 911 F.2d 768, 772 (D.C. Cir. 1990) (dictum). The government maintains that appellants waived their rights because, first, they failed to file a formal motion to dismiss the indictment for lack of a speedy trial, and second, they failed to reassert their right at the second trial. Neither argument has merit.

Prior to the first trial, the district court alerted the parties that the Clerk's Office had discovered a possible Speedy Trial Act issue. After consulting the parties' counsel as to which periods of delay might be excludable, the district court stated: "nobody has made a motion, but I'm going to deem defense motions to dismiss to have been made for violations of the Speedy Trial Act, and . . . I'm going to deny the motions." The government maintains that, notwithstanding the district court having deemed the motion filed, because appellants themselves

never filed a formal motion, the speedy trial right has been waived. However, it would be odd if a defendant relinquished a right after the district court acknowledged the issue and resolved it by ruling on the merits. By deeming a motion to dismiss the indictment on speedy trial grounds to have been filed, the district court obviated any need for appellants to raise the issue themselves. The government points to no reason for adding an unneeded layer of complexity to the statutory scheme. *See also United States v. Arnold*, 113 F.3d 1146, 1148-49 (10th Cir. 1997).

The government further maintains, albeit only in a footnote to its brief, *cf. Covad Commc'ns Co. v. FCC*, 450 F.3d 528, 546 (D.C. Cir. 2006), that appellants waived their rights under the Act by failing to renew their speedy trial objection at the second trial. It relies on *United States v. Akers*, 702 F.2d 1145 (D.C. Cir. 1983), where the court emphasized that a defendant cannot justifiably rely on a judge making identical evidentiary rulings at a retrial following a mistrial, *see id.* at 1147-48. *Akers* does not support a requirement to relitigate all pretrial issues before a second trial. Although the partial mistrial and partial grant of a new trial nullified the original trial, those rulings did not nullify all proceedings. For example, the indictment underlying the speedy trial issue was not compromised by the first jury's failure to reach a unanimous verdict on all counts. Further, the Act provides for a separate seventy-day clock to run upon a mistrial or new trial, *see* 18 U.S.C. § 3161(e), and nowhere provides that the original speedy trial right is affected when the right is not reasserted upon retrial. In any event, the law-of-the-case doctrine underlying *Akers* does not support the government's position. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988), the Supreme Court summarized the doctrine as providing that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." For mid-

trial evidentiary rulings, a new trial will result in different factual and evidentiary circumstances occasioning a new exercise of the district court's discretion. However, an alleged violation of the Speedy Trial Act will not change between trials and is constrained by the principle that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). Thus, requiring a defendant to re-raise the issue upon a retrial would be an exercise in wasteful formality.

**B.**

The speedy trial clock begins to run when a defendant is indicted or first appears in court, whichever is later. 18 U.S.C. § 3161(c)(1). For a case involving multiple defendants, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* § 3161(h)(7). Consistent with the statute, the parties agree that the clock began to run when Sanders first appeared in court on March 4, 2002. They also agree that the clock was tolled (after 59 days had elapsed) from May 3, 2002, through July 2, 2002, when the district court was considering appellants' motion to suppress evidence, *see* 18 U.S.C. § 3161(h)(1)(F), and stopped again on July 25, 2002, when appellants filed another motion. This adds up to 81 days, 11 in excess of maximum prescribed by the Act.

When the district court addressed the speedy trial issue on August 5, 2002, it acknowledged that "[t]he Speedy Trial Act . . . confers real rights which in this case have been bruised but . . . not broken." In denying relief under the Act, the district court relied principally on appellants' prospective waiver of their speedy trial rights when they agreed, before the speedy trial clock had run, to a trial date of August 5, 2002. In *Zedner*,

however, the Supreme Court held that a district court may not rely upon a defendant's prospective waiver of speedy trial rights because such an approach would bypass the Act's comprehensive scheme for granting ends-of-justice continuances and would eliminate consideration of the public's interest in a speedy trial. 126 S. Ct. at 1985. The government agrees with appellants that this aspect of the district court's reasoning is unsustainable after *Zedner*. However, the government maintains that the district court properly excluded two periods of delay from the speedy trial tally: fifteen days (April 18 through May 2, 2002) as either motions preparation time under 18 U.S.C. § 3161(h)(1) or an ends-of-justice continuance under § 3161(h)(8)(A), and twenty-seven additional days (March 22 until April 18, 2002) attributable to the unavailability of Sanders under § 3161(h)(3).

**1.**

Section 3161(h)(1)(F) provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," may be excluded from the speedy trial calculation. In *United States v. Wilson*, 835 F.2d 1440 (D.C. Cir. 1987), relying on the non-exhaustive nature of § 3161(h)(1)(A)-(J), the court noted that "time allotted by the trial judge for preparation of motions" may be excluded in the "sound discretion" of the district court. In that case, the district court "explicitly exercised" its discretion in granting the government's motion to exclude such time as was requested by the defendants. *Id.* at 1444. This court limited this allowance to instances "where the trial court has expressly granted time for the purpose," lest a party's "continuous and leisurely preparation of motions" be used for indefinite delay. *Id.*; *see United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985); *see also United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982).

Unlike *Wilson*, the government here never filed a motion to exclude days under the general language of § 3161(h)(1). However, the government maintains that the district court was exercising its discretion to exclude days for motion-preparation time in the following exchange with defense counsel:

> MR. POE: . . . There's a substantial amount, in my view, of outstanding discovery. There may be disputes. I don't have any problem with if the Court wants to set a date for filing motions doing that. I would probably file -- in addition to whatever motions I file -- a standard motion asking to -- to late file any additional motions relating to discovery not yet produced. That would -- if the Court has concerns about the Speedy Trial Act, I think those motions would toll it. . . .
>
> THE COURT: If we were to set a motions date today with appropriate reservation for incomplete discovery, how much time do you need for that -- for those motions? A couple of weeks?
>
> MR. POE: A couple of weeks is fine, Your Honor. Maybe the -- Friday the 3rd or Thursday the 2nd.
>
> * * *
>
> THE COURT: Defense motions are due May 3. The defendants may take a save on discovery that's not yet complete. They don't even need to file a motion to late file. Some motions must be filed by May 3.

Nothing in this exchange suggests that the district court contemplated reserving time under the Act, as distinct from setting a routine deadline for motions to be filed. Therefore,

because the government made no request to exclude time from the speedy trial calculation at the April 18 hearing and the district court never acknowledged the possibility of excluding days under § 3161(h)(1), this provision cannot serve as a basis for discounting the fifteen-day period.

**2.**

Section 3161(h)(8)(A) authorizes the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The district court's reasoning must be set forth "in the record of the case, either orally or in writing," *id.*, and "without on-the-record findings, there can be no exclusion under § 3161(h)(8)," *Zedner*, 126 S. Ct. at 1989. The government maintains that the district court engaged in the required on-the-record balancing when it denied appellants' motion to dismiss on August 5, 2002, and, therefore, the fifteen days from April 18 through May 2 are excludable under the ends-of-justice exception.

In *Zedner*, the Supreme Court acknowledged that "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance." *Id.* at 1989 n.7. The district court made no such findings when it set the May 3 deadline on April 18. It was not until August 5 that the district court made its only findings:

> I note that on April 18th, at a time when there were still I think 25 days left on the Speedy Trial clock, there was some discussion of the Speedy Trial Act on the record, and Mr. Poe noted that if I was concerned about the Speedy Trial Act clock, he was going to file motions to late-file his motions, and that would stop

> the running of the Speedy Trial Act clock. I expected those motions to late-file promptly, and I didn't get them until Mr. Poe filed his [other pretrial] motions. So on some rough justice basis, it seems to me, it is in the interest of justice to add those 15 days to the clock.

The district court clearly erred in characterizing the April 18 exchange. Far from expecting a prompt motion to late-file, the district court had advised defense counsel that "[t]hey d[id]n't even need to file a motion to late file." And neither defense counsel nor the district court suggested that a motion to late-file was desired or required to toll the speedy trial clock. Additionally, insofar as the district court made no mention of the countervailing interests, its August 5 statement fails to meet the Act's requirement of on-the-record findings that a continuance "outweigh[ed] the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). After *Zedner*, the ends-of-justice exception cannot support exclusion of the fifteen days from April 18 through May 2. Nor, as the government acknowledges, can this court engage in harmless error analysis, much less remand the case for the district court to engage in the proper balancing now; the Act "does not permit those findings to be made on remand." *Zedner*, 126 S. Ct. at 1988.

**3.**

Section 3161(h)(3)(A) excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." Sanders was not present at the March 22, 2002 status hearing because he was in custody in the State of Maryland. A writ of habeas corpus ad testificandum was issued on April 2, 2002, to return Sanders to the District of Columbia, and he was present at the next status hearing on April 18, which apparently was delayed by a week in order to ensure Sanders' presence. The government therefore maintains that the twenty-seven-day period from March 22 until April 18 is excludable.

However, § 3161(h)(3)(B) modifies this exclusion by providing:

> For purposes of [§ 3161(h)(3)(A)], a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence *for trial* cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3)(B) (emphasis added). Thus, whereas a defendant whose whereabouts are unknown stops the clock for as long as the government exercises due diligence to apprehend him, where a defendant's whereabouts are known only unavailability "for trial" tolls the speedy trial clock. Setting aside whether an exercise of due diligence could justify a twenty-seven-day delay in transferring a prisoner from nearby Charles County, Maryland to the District of Columbia, *cf.* 18 U.S.C. § 3161(h)(1)(H), Sanders' whereabouts were known to the government, but he was not unavailable "for trial." The government cites no authority to support its countertextual reading. Because Sanders missed only a status hearing, and because the district court made no findings that he was unavailable "for trial," the twenty-seven-day period is not excludable from the seventy-day maximum.

Accordingly, in light of *Zedner*, we hold that appellants' Speedy Trial Act rights were violated. Therefore, the court is obliged to reverse the convictions and remand the cases to the district court with instructions to dismiss the indictment. *See Zedner*, 126 S. Ct. at 1989-90. The district court shall, in the

first instance, determine whether to dismiss the indictments with or without prejudice. *See* 18 U.S.C. § 3162(a); *see also id.* § 3288.[2]

---

[2] We do not reach either appellants' challenges to the jury instructions and the sufficiency of evidence as to the gun charges or Turner's challenges to the exclusion of testimony under FED. R. CRIM. P. 403, the refusal to disclose the identity of a confidential informant, the denial of the severance of appellants' trials pursuant to FED. R. CRIM. P. 14, and whether his sentencing comported with 18 U.S.C. § 3553(a) and *Booker*, 543 U.S. 220.