# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 7, 2007          Decided October 9, 2007

No. 05-3129

UNITED STATES OF AMERICA,
APPELLEE

v.

EDDIE J. MATHIS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 97cr00334-01)

*Jenifer Wicks* argued the cause and filed the briefs for appellant.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, Assistant U.S. Attorney.

Before: RANDOLPH and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

RANDOLPH, *Circuit Judge*: A jury convicted Eddie Mathis of several drug and money laundering offenses, the details of which are described in our opinion affirming his convictions and sentence. *United States v. Mathis*, 216 F.3d 18 (D.C. Cir. 2000). This is an appeal from the district court's denial of Mathis's motion, pursuant to 28 U.S.C. § 2255, to set aside his convictions on the grounds that he was deprived of the effective assistance of counsel and that the government knowingly offered perjured testimony against him.

Mathis distributed heroin and cocaine in the Washington, D.C. area and laundered the proceeds. After his arraignment, the government offered him a sentence of 262 to 327 months in return for his plea of guilty to two charges: participating in a drug conspiracy and a conspiracy to launder money. Without doing any research, Mathis's attorney assumed that his client was a "career offender" assigned to criminal history category VI under § 4B1.1 of the Sentencing Guidelines, and told him that if he were convicted at trial he would not receive a significantly higher sentence than the government offered in the plea deal. According to Mathis, he relied on his attorney and rejected the government's offer. After the jury returned its guilty verdicts, the court assigned Mathis to criminal history category III – not category VI, as Mathis's attorney had assumed. Finding that Mathis's offense level was 36, the court sentenced him to 293 months in prison – the maximum sentence for a category III offender at that offense level. U.S.S.G. ch. 5, pt. A.

Mathis's first claim arises from his attorney's failure to calculate his criminal history category. His attorney was ineffective, he argues, because he did not evaluate whether Mathis fell within criminal history category VI. And he suffered prejudice because, had his attorney performed properly, the attorney would have discovered that Mathis fell within category

III and could have persuaded the government to offer a sweeter deal.

Deficient performance and prejudice, the two prerequisites for a successful Sixth Amendment claim, are often mixed questions of law and fact. *See Strickland v. Washington*, 466 U.S. 668, 687, 698 (1984). Whatever the ultimate standard of review might be for these questions, *see United States v. Toms*, 396 F.3d 427, 432-33 (D.C. Cir. 2005), the district court's factual findings made in the course of judging an ineffective assistance of counsel claim may be set aside only if clearly erroneous, as *Strickland* recognized, 466 U.S. at 698 (citing Rule 52(a) of the Federal Rules of Civil Procedure). *See United States v. Askew*, 88 F.3d 1065, 1070 (D.C. Cir. 1996); *Adams v. Jago*, 703 F.2d 978, 980 (6th Cir. 1983); *Washington v. Watkins*, 655 F.2d 1346, 1354 (5th Cir. 1981).

We shall assume that the performance of Mathis's trial attorney was deficient. The district court so ruled and the government does not contest that ruling. To establish prejudice, Mathis must also prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. We have noticed before that using "reasonable" probability in this context "may lead us in a circle: one cannot be confident of the outcome when there is a 'reasonable' probability that it may be wrong, and a 'reasonable' probability is one high enough to undermine confidence in the outcome." *United States v. Bowie*, 198 F.3d 905, 909 (D.C. Cir. 1999). Despite this difficulty, we can be sure – in light of a factual finding of the district court – that Mathis would not have obtained a shorter sentence even if his attorney had correctly computed his criminal history category.

At the § 2255 hearing, the prosecutor testified that he offered a sentencing range of 262 to 327 months independent of any determination the court might make about Mathis's offense level or criminal history category. Responding to a question about Mathis's desire for a sentence of ten to fifteen years, the prosecutor stated that the government would have proceeded to trial rather than agree to such a sentence. The district court credited the prosecutor's testimony and found that Mathis would not have gotten a better deal even if his attorney had done an accurate computation.

If Mathis had pleaded to the indictment, which would have reduced his offense level under § 3E1.1 of the Guidelines, he would have done so without knowing the amount of drugs for which he would be held responsible. When the government proposed its plea agreement, Mathis's indictment contained two counts on which he was later acquitted and two counts not submitted to the jury, all of which involved possession with intent to distribute heroin or cocaine. As a result, it is conceivable that pleading to the indictment would have *increased* his sentence.

Because Mathis's speculation regarding a more favorable plea agreement does not undermine our confidence in the outcome of his prosecution, Mathis's claim fails the *Strickland* test. In *United States v. Gaviria*, we held that to succeed on a claim of ineffective assistance arising from plea negotiations, the defendant had to show that he would have accepted the government's plea offer had his attorney advised him correctly about his criminal history category. 116 F.3d 1498, 1514 (D.C. Cir. 1997). We remanded to determine the probability that the defendant could have and would have taken the offer. *Id.* In *United States v. Day*, on which Mathis relies, the defendant claimed that he would have taken an alleged plea offer had he known that he would be sentenced as a career offender. 969

F.2d 39, 40 (3d Cir. 1992). The Third Circuit remanded to determine whether the alleged plea offer existed. *Id.* at 44, 48. In both cases, the court of appeal recognized that the government's negotiating strategy was a question of fact for the district court. Here, the district court held an evidentiary hearing and found that the government was not willing to offer Mathis a more favorable plea. That finding was not clearly erroneous. Because Mathis failed to show prejudice, the district court correctly refused to set aside his convictions.

Mathis also claims that his convictions should be vacated in view of the prosecution's introduction of perjured testimony. Eugene Matthews testified for the government that Mathis sold him drugs regularly from late 1987 to 1989. This could not have been accurate. Mathis was incarcerated from January 1987 to April 1988. On cross-examination, Mathis's attorney challenged Matthews's testimony on this basis and got him to admit that he might have been "mistaken about the time frame."

Mathis should have raised his perjured testimony claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). To overcome his default,[1] he must show cause for, and prejudice from, his failure to raise the claim earlier. *Id.* at 622. Mathis does neither. Although ineffective assistance of counsel constitutes cause, *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), Mathis's appellate attorney was not constitutionally ineffective. The attorney reviewed the record with care and

---

[1] A defendant is permitted to bring an ineffective assistance claim for the first time in his § 2255 hearing, *Massaro v. United States*, 538 U.S. 500, 508-09 (2003), even though our court would permit him to raise the claim in his direct appeal, *United States v. Weaver*, 281 F.3d 228, 233-34 (D.C. Cir. 2002); *United States v. Geraldo*, 271 F.3d 1112, 1115-16 (D.C. Cir. 2001).

decided that the issue was not worth pursuing because Matthews may simply have been mistaken and because the record did not suggest that the government had intentionally offered false testimony.  Since Mathis's claim lacked evidentiary support and since his trial attorney effectively countered Matthews's testimony, appellate counsel's failure to raise the claim did not prejudice Mathis.

*Affirmed.*