# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 15, 2007          Decided November 27, 2007

No. 04-3122

UNITED STATES OF AMERICA,
APPELLEE

v.

JOHN BRUGADA HOLMES, *A/K/A* TIMOTHY ROBBINS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 01cr00454-02)

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Neil H. Jaffee*, Assistant Federal Public Defender, entered an appearance.

*Chrisellen R. Kolb*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, Mary B. McCord,* and *Daniel P. Butler*, Assistant U.S. Attorneys.

Before: RANDOLPH and GARLAND, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*:  Appellant John Holmes was convicted in a jury trial of conspiracy, money laundering, and false use of a social security number relating to a scheme to receive, conceal, and retain money stolen from the United States Department of Education ("DOE").  Holmes now appeals that conviction, arguing that the trial was impermissibly delayed in violation of the Speedy Trial Act, and that his trial counsel fell below the level of competency guaranteed by the Sixth Amendment.

Appellant offers a preserved challenge under the Speedy Trial Act.  We therefore review *de novo* the District Court's finding that Holmes' trial on January 6, 2004 fell within the 70-day time period allowed by the Act.  We uphold that determination based on a rule of completeness motion filed by the Government on June 3, 2003.  This motion tolled the speedy trial clock at least until December 19, 2003, when the trial judge ruled on a related defense motion concerning *Bruton v. United States*, 391 U.S. 123 (1968).  When the time between the filing of the rule of completeness motion and the trial court's ruling on the *Bruton* motion is taken into consideration, appellant's trial date did not run afoul of the Speedy Trial Act.

Appellant's ineffective assistance of counsel argument is also unavailing.  Under *Strickland v. Washington*, 466 U.S. 668 (1984), appellant must show both deficient performance and prejudice.  Appellant complains that attorney error led to the introduction of damaging evidence under Federal Rule of Evidence 404(b).  However, the trial court's ruling on that evidence was mooted by a superceding indictment.  Even assuming, *arguendo*, that trial counsel's performance was deficient, appellant's case was not prejudiced.  Accordingly, the Sixth Amendment claim fails.

## I. BACKGROUND

On December 18, 2001, appellant John Holmes and two codefendants, Stateson Francois and Dominique Germain, were indicted on charges of conspiracy to receive, conceal, and retain stolen property of the United States (Count One, 18 U.S.C. § 371), and conspiracy to launder money (Count Two, 18 U.S.C. § 1956(h)).  Holmes was also indicted individually for false use of a social security number (Count Three, 42 U.S.C. § 408(a)(7)(B)).  These charges arose from a scheme to divert nearly one million dollars of Department of Education Impact Aid grant money.  This scheme was referred to during trial as "Impact Aid One."

Holmes and Germain were arrested and arraigned on January 4, 2002.  At that time, Francois remained at large.  At a status hearing held on February 12, 2002, the trial judge established a timetable for pretrial motions and scheduled a status hearing for May 31, 2002.  At the status hearing, the court scheduled a motion hearing for August 21, 2002 and set a trial date for September 9, 2002.  On August 29, 2002, appellant Holmes' trial counsel moved to withdraw.  On September 3, 2002, the grand jury issued a superceding indictment naming a fourth defendant – Daniel Dorcely – as a member of the conspiracy.  The next day the Government moved for a continuance of the trial date.  On September 6, 2002, the trial court granted Holmes' counsel's motion to withdraw, and the trial date was postponed.

On October 23, 2002, Stateson Francois was arraigned.  A week later a status conference was convened during which the court ordered the parties to submit pretrial motions before December 6, 2002 and set a status hearing for that date. Holmes' attorney appeared at the October 30 hearing.  Two days prior to the December 6 deadline defendants moved to continue the status hearing and extend the deadline.  At a January 6, 2003

status hearing, the judge scheduled a motion hearing for May 19, 2003, and set a trial date for June 9, 2003.

On January 10, 2003, appellant Holmes and his codefendants submitted several pretrial motions, including a motion to sever based in part on the admission of evidence potentially in violation of *Bruton*. Specifically, the Government planned to introduce statements that Dorcely had made to federal law enforcement agents that were both self-inculpatory and inculpatory with respect to his codefendant Francois. The District Court held hearings on pretrial motions on May 19-20, 2003. Although most of the motions were resolved, the *Bruton* motion was not, and the trial judge scheduled another hearing on June 3, 2003.

On June 3, 2003, the Government filed a "Motion In Limine to Limit Evidence Under Fed. R. Evid. 106," seeking to limit defense counsel's ability to include other parts of the statements made by Dorcely to law enforcement officials under the rule of completeness. Government's Mot. In Limine to Limit Evidence Under FED. R. EVID. 106 at 3, Appendix for Appellant ("App.") at 95-97. The same day a motion hearing was held. At that hearing, the Government announced that on May 29, 2003, a grand jury had returned an indictment in a new criminal case involving a second diversion of DOE funds ("Impact Aid Two"), and that it had obtained information linking Holmes to that scheme. Tr. 6/3/03 at 2-4. The Government sought admission of that information under Federal Rule of Evidence 404(b) as evidence against Holmes. *Id.* at 5. The trial court ruled that the information would be inadmissible, because it was too close to the trial date for Holmes to have an opportunity to investigate. *Id.* at 11-13. The court decided to hold another motion hearing on June 9, 2003, and planned to begin trial on June 10.

At the motion hearing on June 9, counsel for Holmes announced that he had received a box of discovery material from

the Government over the weekend, and that he had not had an opportunity to go through that material or discuss the material with his client. Tr. 6/9/03 at 19-21. He requested a continuance of two days in order to examine and discuss the material. *Id.* at 21. The trial judge granted that request. Because the term of the jury pool was set to expire, a new trial date was set for June 17, 2003. *Id.* at 30-31. Shortly after the trial court set the new trial date, the Government argued that, because of the delay in the trial date, there was now sufficient time for Holmes to investigate the Impact Aid Two evidence. *Id.* at 73-75. Defense counsel objected and the court deferred ruling. *Id.* at 75-77. Another motion hearing was scheduled for June 11, 2003.

At the June 11 hearing, the trial court heard argument from the Government and Holmes' attorney concerning the Impact Aid Two evidence. The court ultimately decided to admit the evidence, and continued the trial until June 24, 2003, in order to give Holmes' attorney an opportunity to investigate. Tr. 6/11/03 at 41-43.

On June 18, 2003, the Government filed an unopposed request to continue the trial due to illness of Government's counsel. At a status hearing on June 24, the prosecutor stated that he had just returned to the office and that he would need approximately one week to prepare for trial. After consulting with the attorneys and taking into consideration the court's docket, the trial judge rescheduled the trial for January 6, 2004. Tr. 6/24/03 at 16.

On August 21, 2003, the grand jury issued a second superceding indictment, adding charges against Holmes on a second conspiracy to receive, conceal, and retain stolen U.S. property (Count Six) and a second conspiracy to launder money (Count Seven), stemming from the Impact Aid Two scheme. Prior to the second superceding indictment, Dominique Germain entered a guilty plea. Br. and Record Material ("RM") for Appellee at 2.

The trial court issued a Memorandum Opinion on the *Bruton* motion on December 19, 2003, ruling that Dorcely's statements implicating Francois were inadmissible in a joint trial with Francois. *United States v. Francois*, 295 F. Supp. 2d 60 (D.D.C. 2003) (memorandum opinion), App. at 184. On January 5, 2004, codefendant Francois entered a guilty plea, mooting the *Bruton* issue. The jury trial of appellant John Holmes and the remaining codefendant Dorcely commenced on January 6, 2004.

On January 30, 2004, the jury convicted codefendant Dorcely on Count Five (false statements to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001) and acquitted him on Counts One and Two. After further deliberation, the jury found appellant Holmes guilty of the conspiracy charged in Count One, money laundering in Count Two, and false use of a social security number as charged in Count Three. The District Court declared a mistrial on Counts Six and Seven after the jury announced that it could not reach a verdict.

On August 20, 2004, the District Court sentenced appellant to concurrent terms of incarceration of 60 months on Counts One and Two, respectively, and a 175-month term on Count Three. The District Court imposed three concurrent three-year terms of supervised release, and ordered Holmes to make restitution to the DOE in the amount of $201,513.11. Appellant consented to an order of forfeiture, pursuant to 28 U.S.C. § 2461(C) and 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), resulting in a monetary judgment against him in the amount of $63,315.51. Holmes timely noted the instant appeal on August 23, 2004.

Holmes challenges his conviction on two grounds. He first argues that the delay between his indictment and trial violated the Speedy Trial Act. Under the Speedy Trial Act, a criminal trial must "commence within seventy days from the filing date . . . of the information or indictment." 18 U.S.C. § 3161(c)(1).

Certain delays are excluded from the permissible time period, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(F). Second, Holmes argues that his counsel was constitutionally inadequate. Holmes also contends that the trial court erred in entering a restitution order for losses relating to the Impact Aid Two scheme, when he was not convicted of any crime relating to that scheme. Appellee concedes this last point. Br. and RM for Appellee at vii n.1. Holmes further notes, and the Government again agrees, that the District Court's judgment inadvertently transposed the sentence imposed on Counts One and Three. Br. for Appellant at 3 n.5.

## II. ANALYSIS

### A. *Standard of Review*

A preserved "speedy trial challenge is reviewed *de novo* on matters of law, and for clear error as to findings of fact." *United States v. Sanders*, 485 F.3d 654, 656 (D.C. Cir. 2007) (internal citations omitted). On his ineffective assistance of counsel claim, appellant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . [and that] the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. In reviewing an ineffective assistance claim, this court must grant significant deference to the strategic choices of trial counsel. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

### B. *Speedy Trial Act Violation*

The dispute between appellant and appellee regarding the application of the Speedy Trial Act is quite limited. The parties agree that, as of June 24, 2003, 22 days had expired on the speedy trial clock. The principal disagreement centers on the

rule of completeness motion and whether it tolled the speedy trial clock between June 2003 and January 2004.

On June 3, 2003, the Government filed a "Motion In Limine To Limit Evidence Under Fed. R. Evid. 106." Government's Mot. In Limine to Limit Evidence Under FED. R. EVID. 106 at 3, App. at 95. This motion concerned statements made by Dorcely to federal law enforcement officers. These statements were also the basis of defendants' *Bruton* motion. The Government planned to submit to the jury three statements made by Dorcely, during which he allegedly lied about and then later admitted to his relationship with Francois. In its rule of completeness motion, the Government sought to limit the admission of additional statements made by Dorcely that might otherwise be admitted under Federal Rule of Evidence 106. The Government asked the trial court to exclude "the remaining portions of defendant Dorcely's statement[s] . . . if the government only elicits . . . those portions which bear directly on the charged offense." *Id.*, App. at 97.

On June 9, 2003, a hearing was held on the rule of completeness motion. At that hearing, counsel for Dorcely argued that the entirety of Dorcely's statements should be admitted, and the Government argued that the trial court should exclude what amounted to "a self-serving statement" by Dorcely designed to "exculpate himself in the face of [an] FBI special agent." Tr. 6/9/03 at 6. The trial court questioned Dorcely's attorney about the nature of his request and then deferred ruling until the parties and the court "go through the *Bruton* analysis." *Id.* at 8.

The District Court obviously acted reasonably in deferring any ruling on the rule of completeness motion. If the court found that Dorcely's statements could not be admitted at a joint trial with Francois, there would be no question about whether additional statements of Dorcely would be needed under Federal Rule of Evidence 106. It therefore made sense for the court to

rule first on the *Bruton* question and then, if necessary, on the rule of completeness motion. As it happened, the District Court decided the *Bruton* motion on December 18, 2003, in favor of defendants. The decision on the *Bruton* motion thus mooted the rule of completeness motion. *Francois*, 295 F. Supp. 2d at 74, App. at 205-06. The period between the June 9, 2003 hearing and the trial court's ruling on the *Bruton* motion is properly excluded from the speedy trial clock, because the District Court reasonably anticipated holding a hearing on the rule of completeness motion in December 2003. Although a definite hearing date was not set, both parties acknowledge that the court contemplated a hearing. Br. for Appellant at 36; Br. and RM for Appellee at 43. An anticipated hearing can toll the speedy trial clock. *See United States v. Maxwell*, 351 F.3d 35, 38-40 (1st Cir. 2003) (period after motion to sever was filed, until it was withdrawn, was excluded because the trial court planned to hold a hearing); *see also United States v. Harris*, 491 F.3d 440, 443-44 (D.C. Cir. 2007) (time between the filing of a defense opposition motion and a hearing on the motion was excluded, even though the trial court never ruled on the motion because it was mooted by subsequent events).

In this case, neither appellant nor his codefendant objected to the timetable proposed by the District Court, nor did they demand an earlier hearing or decision on the rule of completeness motion. *Cf. United States v. Bush*, 404 F.3d 263, 274 (4th Cir. 2005) (defendants cannot manipulate dates to put off a hearing and then claim a Speedy Trial Act violation). Without a defense objection, there was no reason for the District Court to expedite the schedule that had been set for the disposition of the pending motions. And appellant knew that the trial court's disposition of the *Bruton* motion might moot the rule of completeness motion. The District Court deferred its rule of completeness decision until after the anticipated December 2003 hearing. The time is therefore excludable.

### C. *Ineffective Assistance of Counsel*

The basis for appellant's ineffective assistance of counsel claim is defense counsel's June 9, 2003 request for a continuance. Because the continuance was granted, the Government revived its efforts to introduce Impact Aid Two evidence through Federal Rule of Evidence 404(b), and the trial court agreed to allow the evidence. Appellant argues that the decision to request a continuance fell below the required standard of competency, because trial counsel should have known, based on "the facts, law, and [the judge's] earlier statements," that a continuance would open the door for the Impact Aid Two evidence. Reply Br. for Appellant at 24-25. Appellant further argues that his ability to argue intent was seriously harmed when he became the only "'common thread' with a highly similar second conspiracy." Br. for Appellant at 46. Holmes, the argument runs, was therefore significantly prejudiced.

Even assuming, *arguendo*, that there was deficient performance, there was no prejudice. Therefore, under *Strickland*, appellant's claim fails. If the trial judge at the second hearing had declined to revisit the Federal Rule of Evidence 404(b) motion, and continued to rule that the Impact Aid Two evidence was inadmissible, that evidence still would have been admitted at trial. Even without the court's Federal Rule of Evidence 404(b) ruling, the trial would have been postponed until January 2004 (because the Government's lawyer was unavailable as of June 17, 2003), giving the Government the opportunity to procure an indictment on the Impact Aid Two scheme. Thus, while there was a negative ruling that arguably resulted from ineffective assistance of counsel, there was no prejudice because that ruling was mooted by the superceding indictment.

It could be argued that counsel's request for a continuance also resulted in the delay that allowed for the superceding

indictment.  Defense counsel's performance, however, was not deficient with respect to the lengthy delay in trial that resulted, because the delay was not a foreseeable consequence of the request for continuance.  While counsel's decision to request a continuance did result in the delay that allowed the Government to pursue a superceding indictment, it was an unforeseeable result of the counsel's request for postponement, not the "deficient performance" itself, that prejudiced the defense.

### III. CONCLUSION

For the foregoing reasons, the delay between appellant's arraignment and trial did not violate the Speedy Trial Act, and appellant's trial counsel was not constitutionally infirm.  His conviction is therefore affirmed.  This case is remanded to the District Court so that the judgment can be corrected, per the parties' agreement, with respect to the restitution order and the transposition of the sentences on Counts Two and Three.