# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 16, 2007      Decided January 25, 2008

No. 06-3180

UNITED STATES OF AMERICA,
APPELLEE

v.

RONALD R. HUGHES,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 93cr00097-04)

*Edward C. Sussman*, appointed by the court, argued the cause and filed the briefs for appellant.

*John P. Mannarino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, *Mary B. McCord*, and *Carolyn K. Kolben*, Assistant U.S. Attorneys.

Before: BROWN and GRIFFITH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

BROWN, *Circuit Judge*: After being convicted of federal crimes, Ronald Hughes raises two claims on collateral review:

(1) a judicial bias claim, which he procedurally defaulted, and
(2) an ineffective assistance of counsel claim, which we reject.

I

A jury convicted Ronald Hughes of multiple federal crimes, the details of which are described in our opinion affirming his convictions. *See United States v. White*, 116 F.3d 903, 909–10 (D.C. Cir. 1997). Hughes filed a petition to vacate his convictions pursuant to 28 U.S.C. § 2255. Hughes asserts two claims on collateral review. First, he claims the trial judge exhibited bias and hostility toward his trial counsel, rendering his trial constitutionally unfair. *See generally United States v. Edmond*, 52 F.3d 1080, 1099–1103 (D.C. Cir. 1995) (considering a judicial bias claim). For example, the judge told Hughes's trial counsel:

> If you don't like what I did, that's your privilege as a lawyer. You can do two things. Number one, you can go out to the next tavern or bar and have a drink and curse the judge, and number two, you can go to the court of appeals and say the dumb bastard didn't know what he was doing. But I don't want you to come back day after day saying, yesterday you did something wrong again.

Second, Hughes asserts he received constitutionally ineffective assistance of counsel at his trial. According to Hughes, the trial judge's "battering of trial counsel rendered her ineffective" and caused her "severe emotional distress." In an effort to avoid incurring the judge's ire, counsel purportedly advised Hughes not to testify, refrained from making certain mistrial motions, and abstained from some cross-examination.

3

II

A

The procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)); *United States v. Mathis*, 503 F.3d 150, 152–53 (D.C. Cir. 2007). This rule "respect[s] the law's important interest in the finality of judgments" and conserves judicial resources. *Massaro*, 538 U.S. at 504.

Because Hughes did not raise his judicial bias claim on direct appeal, the procedural default rule bars its consideration unless an exception applies or Hughes demonstrates cause and prejudice. Inexplicably, Hughes's opening brief does not acknowledge the existence of the procedural default rule; his reply brief contains no argument whatsoever to show the cause and prejudice requirements have been satisfied for his judicial bias claim; and he offers no colorable reason why the procedural default rule should not apply to this claim. Accordingly, we need not address Hughes's procedurally defaulted judicial bias claim on the merits. *See United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."); *Ark Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003) (an argument first raised at oral argument was waived).

B

Hughes also raises an ineffective assistance of counsel claim. Most ineffectiveness claims proceed under *Strickland v.*

4

*Washington*'s familiar two-step framework, which requires (1) showing "counsel's representation fell below an objective standard of reasonableness" and (2) demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687–88, 694 (1984); *see, e.g.*, *United States v. Cronic*, 466 U.S. 648, 659 & n.26 (1984). However, in a "very narrow range of situations," courts presume "actual prejudice to the defendant." 27 MOORE'S FEDERAL PRACTICE, § 644.61[3][c] (Matthew Bender 3d ed. 2007); *see Cronic*, 466 U.S. at 658–59 & nn.25–26; *Strickland*, 466 U.S. at 692. Prejudice is presumed where counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" or was "totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *E.g.*, *Cronic*, 466 U.S. at 658–59 & nn.25–26. One category of presumed prejudice cases arises where the "[g]overnment … interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." *Strickland*, 466 U.S. at 686, 692; *see Geders v. United States*, 425 U.S. 80, 91 (1976) (prohibition on attorney-client consultation during a 17-hour overnight recess); *Herring v. New York*, 422 U.S. 853, 864–65 (1975) (bar on summation after trial had been substantially interrupted); *Brooks v. Tennessee*, 406 U.S. 605, 612–13 (1972) (requirement that defendant be the first defense witness); *Ferguson v. Georgia*, 365 U.S. 570, 591–96 (1961) (bar on certain questioning of the defendant by defense counsel).

Hughes seems—somewhat unwittingly—to make a presumed prejudice argument based on government interference with his counsel. His brief asserts "the court's battering of trial counsel rendered her ineffective" and, at oral argument, he described judicial bias as an essential predicate of his ineffectiveness claim. However, since Hughes does not cite any government interference cases—much less make a specific

argument that those cases are analogous to his—he has waived any potential government interference claim.[1]  *See Ry. Labor Executives' Ass'n v. U.S. R.R. Ret. Bd.*, 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) (refusing to resolve an issue "on the basis of briefing which consisted of only three sentences … and no discussion of the relevant … case law"); *see also Hutchins v. District of Columbia*, 188 F.3d 531, 539–40 n.3 (D.C. Cir. 1999) (en banc) (refusing to consider a "cursory argument[]" raised in a footnote); *United States v. South*, 28 F.3d 619, 629 (7th Cir. 1994) ("Ours is an adversary system, and it is up to the party seeking relief to sufficiently develop his arguments." (citations and quotation marks omitted)).

Hughes's brief discusses *Strickland*'s two-pronged test, which he refers to as "the established standard."  We can analyze his *Strickland* claim because, under *Massaro*, 538 U.S. at 504–09, such claims may be raised for the first time in a § 2255 proceeding.

Assuming counsel's performance was deficient, Hughes's ineffectiveness claim fails *Strickland*'s second prong because he was not prejudiced.  *Cf.* 466 U.S. at 691–96.  His counsel said the judge's remarks caused her to pass notes to other attorneys asking them to pose certain questions to witnesses on her behalf. But she could cite no specific question she referred to other counsel.  She also refrained from making certain mistrial motions.  However, she could not identify any specific motion she failed to make, and she admitted such motions would have been "similar to ones [she] had made before."  She advised Hughes not to testify, but (1) she acknowledged the judge's

---

[1] Because Hughes waived any potential government interference claim, we need not discuss whether the exception to the procedural default rule announced in *Massaro*, 538 U.S. at 504, would apply to government interference cases.

conduct was only one of several factors affecting her advice, (2) she said putting a defendant on the stand in a conspiracy case is "always dicey," and (3) her only specific description of Hughes's potential testimony shows it would have addressed a charge for which he was acquitted.

## III

For the foregoing reasons, the district court's order denying Hughes's § 2255 petition is

*Affirmed.*