ROGERS, Circuit Judge,
dissenting:
The outcome of this appeal turns on whether a “Motion in Limine to Admit Certain Evidence” pursuant to Fed.R.Evid. 404(b) filed by the government extends the *976 period of time within which the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., requires a criminal defendant’s trial to begin. The district court denied Smith’s speedy trial motions without explanation, leaving him to guess about what arguments the government would make on appeal to support the conclusion that the trial timely commenced. The government first presented its argument that its Rule 404(b) filing is a tolling motion in its appellate brief. Smith addressed this new argument in his reply brief, and the court today adopts his reasoning in holding that the government’s notice of its intent to offer evidence under Fed.R.Evid. 609, also styled as a motion, did not toll the speedy trial clock. Nonetheless, the court holds that Smith has forfeited the Rule 404(b) issue because his argument was first raised in his reply brief and is inconsistent with a conditional, conclusory footnote in his initial brief. Op. at 11. This court has the discretion, however, to notice forfeited issues, and the purposes for applying forfeiture are absent here: there would be no prejudice to the government, which briefed the Rule 404(b) issue and presented its views during oral argument (and claims no prejudice), and the court is not at particular risk of rendering an ill-informed decision as it has heard from each party. In these circumstances, and because this is a criminal case where the error is controlled by the court’s analysis of the Rule 609 filing and outcome determinative, the court should exercise its discretion to address Smith’s argument. Therefore, I respectfully dissent.
Smith filed a motion to dismiss the indictment pursuant to the Speedy Trial Act on July 31, 2005, and orally renewed his motion on February 17, 2006. The government did not file a written opposition to Smith’s motion, and its opposition of June 6, 2005 to a co-defendant’s speedy trial motion necessarily did not address its January 13, 2006 Rule 404(b) filing. Neither did the government respond to Smith’s oral motion. While Smith cannot be deemed to have abandoned the Rule 404(b) filing issue in the district court, the court invokes the forfeiture doctrine whereby, pursuant to Fed. R.App. P. 28(a)(4), the court may decline to consider an argument first raised in a reply brief, Op. at 11 (citing Students Against Genocide v. Dep’t of State, 257 F.3d 828, 835 (D.C.Cir.2001); Corson & Gruman Co. v. NLRB, 899 F.2d 47, 50 n. 4 (D.C.Cir.1990)), and posits that Smith’s footnote in his initial brief constituted an impermissible “bait and switch,” Op. at 11.
The forfeiture doctrine has a long and honorable history. See United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citing Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944)). As explained by this court, it “ordinarily,” see Students Against Genocide, 257 F.3d at 835, applies to avoid unfair prejudice to the other side and the risk that the court might offer an “improvident or ill-advised opinion on the legal issues tendered,” McBride v. Merrell Dow & Pharm., Inc., 800 F.2d 1208, 1211 (D.C.Cir.1986); see also United States v. Eniola, 893 F.2d 383, 385 (D.C.Cir.1990). But the forfeiture doctrine is neither rigid nor unyielding. The Supreme Court has stated in the related context of forfeiture pursuant to Fed. R. Crim.P. 52(b) that “where the life, or ... liberty, of the defendant is at stake, the courts of the United States, in the exercise of a sound discretion, may notice [forfeited error].” Olano, 507 U.S. at 735-36, 113 S.Ct. 1770 (internal quotation marks omitted and alteration in original). Where a criminal defendant fails altogether to raise an issue in the district court, the federal rules “leave[] the decision to correct the forfeited error within the sound discretion of the court of appeals,” id. at 732, 113 S.Ct. 1770; cf. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 *977 (1941), which may even consider the issue where the defendant has additionally failed to identify it on appeal, see Silber v. United States, 370 U.S. 717, 718, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962) (per curiam); see also United States v. Baugham, 449 F.3d 167, 170 (D.C.Cir.2006) (citing Silber, 370 U.S. at 718, 82 S.Ct. 1287). The Supreme Court has instructed that such discretion “should be employed “in those circumstances in which a miscarriage of justice would otherwise result,” ” Olano, 507 U.S. at 736, 113 S.Ct. 1770 (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982))), or where the “fairness, integrity or public reputation of judicial proceedings” is substantially affected, id. (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)). In accordance with this principle, Congress, in establishing the court’s appellate authority, has provided for further proceedings “as may be just under the circumstances.” 28 U.S.C. § 2106; see Olano. 507 U.S. at 735, 113 S.Ct. 1770.
The court’s reliance on civil cases, Op. at 11, ignores the fact that the court has very rarely applied forfeiture to avoid a meritorious argument raised by a criminal defendant in a reply brief. Usually, where the court has concluded that a criminal defendant raised an argument too late, it has noted that the argument also lacks merit.[1] Indeed, the court has even addressed issues first presented by criminal defendants during oral argument. See United States v. Godines, 433 F.3d 68, 70 (D.C.Cir.2006); United States v. Barry, 938 F.2d 1327, 1340 n. 16 (D.C.Cir.1991); Eniola, 893 F.2d at 385. For instance, in Johnson, while the court stated that the defendant had waived a challenge to the adequacy of the jury verdict form by failing to raise it until oral argument, the court nonetheless analyzed the issue on its merits, concluding that “it would not prevail” because the indictment and jury instructions properly explained the charged offense. 519 F.3d at 486-87. In the rare instance where the court has declined to consider the merits of an argument altogether, the criminal defendant has failed both to raise an issue in the district court and to meet his burden to show plain-error prejudice in his initial brief, as in United States v. Wilson, 240 F.3d 39, 44 (D.C.Cir.2001), where the late claim of error also involved jury instructions.[2] Nonetheless, even in such a situation the court retains authority to notice sua sponte issues altogether ignored by the parties. See Baugham, 449 F.3d at 170 (citing Silber, 370 U.S. at 718, 82 S.Ct. 1287). Although this discretion is exercised with restraint because of the particular risk for judicial decisionmaking where neither party has presented its analysis,[3] the court has re *978 jected an approach that error “not raised or briefed” is necessarily beyond the court’s consideration where substantial rights are involved, United States v. Rhodes, 886 F.2d 375, 379 (D.C.Cir.1989).
The Rule 404(b) issue warrants this court’s consideration for three reasons:
First, the briefs of both sides demonstrate that a rigid and formalistic application of forfeiture makes no sense in a speedy trial appeal where the district court record is barren. Because all manner of motions, continuances, hearings, or other events may toll the mandatory period for bringing a defendant to trial, some give and take between the defendant and the government is inevitable. This is what happened here. In preparing his initial brief, Smith was confronted with two options: Either he could argue generally that too much time had passed and risk running afoul of the requirement that parties set forth their arguments in their initial briefs, see Carducci 714 F.2d at 177; see also Fed.R.Civ.P. 28(a)(9), or he could attempt preemptively to negate arguments that the government might present for the first time on brief. Smith chose the latter course and, in explaining the history of the case in his initial brief, referred to the government’s Rule 404(b) “Motion in Li-mine” and included a conditional, conclusory footnote intimating, prior to the government ever arguing that its motion tolled the speedy trial clock, that it might be a motion that tolled the clock for no more than thirty days.[4] The government’s brief, in turn, asks the court to agree with a key assumption underlying its argument that the Rule 404(b) filing was a motion that “clearly required a hearing.” Appellee’s Br. at 21. Conceding that no transcript or docket entry indicates when the district court considered the Rule 404(b) filing, the government maintains that “[t]he logical assumption, in the absence of any other notation, is that the motion was heard at the pre-trial conference that was held on March 13, 2006.” Id.[5] Particularly because the court often disregards arguments presented only in footnotes, see, e.g., Hutchins v. District of Columbia, 188 F.3d 531, 539 n. 3 (D.C.Cir.1999) (en banc), transforming a defendant’s preemptive conditional statement based on the government’s own styling of its filing as a “motion” into a concrete position on an argument that the government has yet to present is far fetched; the absence of any claim of prejudice by the government evidences the meaninglessness of applying a bait-and-switch rationale in these circumstances.
Second, the concerns underlying the forfeiture doctrine about inadequately argued issues are nonexistent. Both parties briefed whether an evidentiary notice, styled by the government as a “motion,” see Op. at 5, tolled the speedy trial clock. Specifically, each party’s brief addressed the effect of the government’s Rule 609 “motion” on the speedy trial clock. See Appellee’s Br. at 12-17, Reply Br. at 2-5. In its brief the government also maintained that the Rule 404(b) filing tolled the speedy trial clock until the pre-trial conference on March 13, 2006. Appellee’s Br. at 21. In his reply brief, Smith responded that the Rule 404(b) “ ‘offer of proof should be treated no differently than the *979 Rule 609 pleading and that no time should be excluded.” Reply Br. at 10.[6] Additionally, the effect of the Rule 404(b) filing on the speedy trial clock was discussed extensively with the court during oral argument. See Oral Arg. Tape at 1:00-1:11; 3:00-3:50, 13:24-14:25; 16:40-17:20 (Nov. 19, 2007). These circumstances allay any concern that passing judgment on the Rule 404(b) issue risks an “improvident or ill-advised opinion,” McBride, 800 F.2d at 1211, for lack of argument by one side.
Third, the government, despite the substantial discussion of the Rule 404(b) issue during oral argument, never claimed that it was prejudiced by the “new tack” in Smith’s reply brief, Op. at 11. To the contrary, the government argued that its Rule 609 and 404(b) filings presented similar issues, see Oral Arg. Tape at 17:10, and it recognized the significance of the Rule 404(b) tolling issue in stating that “the 404(b) issue would have to be resolved [by the court],” id. at 16:47-16:53. Having argued the merits of Smith’s “new tack” and identified no prejudice resulting from Smith’s conditional footnote, the government has minimized any concern that it would be unfair to it for the court to address the merits of the Rule 404(b) filing.
The Supreme Court’s admonition to courts of appeals to exercise their discretion where a defendant’s liberty is implicated and in order to avoid serious unfairness, Olano, 507 U.S. at 736, 113 S.Ct. 1770, applies to these circumstances. The concerns animating the forfeiture doctrine are nonexistent because both parties have been heard and there is no claim of prejudice. The error in treating the Rule 404(b) filing as a motion tolling the speedy trial clock is controlled by the court’s analysis of the Rule 609 filing, Op. at 5-8, and is dispositive of Smith’s statutory claim in this criminal appeal. Therefore, binding Smith to his footnote that adopted the government’s styling of its Rule 404(b) filing as a “motion” and declining under a “bait and switch” rationale, Op. at 11, to consider his reply to the government’s new and expansive argument on brief that its Rule 404(b) “motion” tolled the speedy trial clock gives insufficient weight to the important questions of liberty and the fairness of judicial proceedings involved in this case.
Because it behooves the court to exercise its discretion to consider the merits of Smith’s argument about the government’s Rule 404(b) filing, I would hold, based on the court’s analysis of the Rule 609 filing in view of our precedent and the purpose of the Speedy Trial Act, Op. at 5-8, that the Rule 404(b) filing is properly understood as a notice and not a motion that tolls the speedy trial clock. The procedural question is long settled in this circuit. In United States v. Crowder, 141 F.3d 1202 (D.C.Cir.1998), the en banc court explained the procedure of admitting evidence pursuant to Rule 404(b), stating that “[t]he government must identify which of the matters listed ... it is intending to prove ... [and] [i]f the defense objects, the court must then satisfy itself that the evidence is relevant to that matter,” id. at 1209 (emphasis added). Neither Smith nor his codefendants raised a pretrial ob *980 jection to the Rule 404(b) filing and no hearing was required on the government’s notice of its intent to offer evidence at trial; hence, its “Motion in Limine” did not toll the speedy trial clock. Because the rights that Congress secured in the Speedy Trial Act do not hinge on labels applied by the parties to their filings, see Op. at 7-8; Santoyo, 890 F.2d 726, 727 (5th Cir.1989); cf. United States v. Noah, 130 F.3d 490, 495 (1st Cir.1997), Smith’s trial, which did not commence until the hundredth day, was unlawfully delayed. Accordingly, I would remand the case to the district court to decide whether dismissal of the indictment should be with or without prejudice, United States v. Sanders, 485 F.3d 654, 660 (D.C.Cir.2007).

. See United States v. Johnson, 519 F.3d 478, 486 (D.C.Cir.2008); United States v. Adefehinti, 510 F.3d 319, 326-27 (D.C.Cir.2007); United States v. Southerland, 486 F.3d 1355, 1360 (D.C.Cir.2007); United States v. Gurr, 471 F.3d 144, 152 n. 3 (D.C.Cir.2006); United States v. Johnson, 216 F.3d 1162, 1167-68 (D.C.Cir.2000); United States v. Caicedo-Llanos, 960 F.2d 158, 164 n. 4 (D.C.Cir.1992); United States v. Haldeman, 559 F.2d 31, 78 n. 113 (D.C.Cir.1976).

. In Wilson, the court remanded the ineffective assistance of counsel claim to the district court and vacated the sentence in light of an erroneous enhancement. 240 F.3d at 51.

. See United States v. Hughes, 514 F.3d 15, 17 (D.C.Cir.2008); United States v. West, 392 F.3d 450, 459 (D.C.Cir.2004); United States v. Taylor, 339 F.3d 973, 977 (D.C.Cir.2003); United States v. Mathis, 216 F.3d 18, 28 n. 14 (D.C.Cir.2000); United States v. Watson, 171 F.3d 695, 699 n. 2 (D.C.Cir.1999); United States v. Clarke, 24 F.3d 257, 262 (D.C.Cir.1994).

. The footnote stated: "Appellant asserts that arguably the motion in limine [to admit Rule 404(b) evidence] should also be subject to the 30 day restriction under Subsection J [18 U.S.C. § 3161(h)(l)(J)] since it did not require a hearing.” Appellant's Br. 7 n. 13; see; Op. at 10.

. The government’s conjecture appears to be the basis for the court’s statement that the district court treated the Rule 404(b) and Rule 609 filings differently. Op. at 14. However, nothing other than the Government’s exercise in logic supports the position that the district court addressed the Rule 404(b) motion at the off-the-record pretrial conference.

. The court in part bases its decision to ignore the merits of the Rule 404(b) issue on Smith's "conclusory” discussion of it. Op. at 13. However, given the functional similarity of the Rule 404(b) and Rule 609 filings, each of which identified evidence that the government wanted to introduce at trial, Smith’s express incorporation by reference is sufficient. To the extent the court also expresses concern about making new law, citing McBride v. Merrell Dow & Pharmaceuticals, Inc., 800 F.2d 1208 (D.C.Cir.1986), a civil case, Op. at 13, it ignores both its analysis of the Rule 609 filing and the court's en banc decision in United States v. Crowder, 141 F.3d 1202 (D.C.Cir.1998), discussed infra.