# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 19, 2007　　　　Decided July 1, 2008

No. 06-3099

UNITED STATES OF AMERICA,
APPELLEE

v.

READIE VAN SMITH,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00271-01)

*Mary E. Davis*, appointed by the court, argued the cause and filed the briefs for appellant.

*Sarah T. Chasson*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III*, *Thomas J. Tourish, Jr.*, and *Jay I. Bratt*, Assistant U.S. Attorneys.

Before: RANDOLPH, ROGERS, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

Dissenting opinion filed by *Circuit Judge* ROGERS.

GRIFFITH, *Circuit Judge*: "The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay." *Henderson v. United States*, 476 U.S. 321, 326 (1986). More than twenty-one months passed between Readie Van Smith's indictment and trial, and he seeks the dismissal of his indictment on that ground. The government argues that two pretrial filings and a superseding indictment trigger periods of excludable delay that bring Smith's trial within the required seventy days. For the reasons set forth below, we conclude that Smith's trial did not violate the Speedy Trial Act and affirm the judgment of the district court.

## I.

On June 9, 2004, a federal grand jury returned a six-count indictment against Readie Van Smith and co-defendant Paul Rangolan charging them, inter alia, with unlawful possession of cannabis with intent to distribute, and unlawful possession of a firearm. Smith's trial before the district court began nearly two years later, on March 20, 2006. After three days of trial, the jury convicted Smith of unlawful possession of a firearm by a convicted felon and unlawful possession of cannabis. 18 U.S.C. § 922(g)(1); 21 U.S.C. § 844(a). He was sentenced to eighty-four months in prison.

Smith appeals the district court's refusal to dismiss his indictment on the ground that the delay of his trial violated the Speedy Trial Act. He made a Speedy Trial Act challenge before the district court, and filed a timely notice of appeal on June 26, 2006. We have jurisdiction to hear the case under 28

U.S.C. § 1291. We review a Speedy Trial Act challenge "*de novo* on matters of law, and for clear error as to findings of fact." *United States v. Sanders*, 485 F.3d 654, 656 (D.C. Cir. 2007) (internal citations omitted).

## II.

The Speedy Trial Act excludes from its seventy-day limit certain periods of pretrial delay. *See* 18 U.S.C. § 3161(h). Only a few of the Act's exclusions are relevant to this case. First, the time it takes the trial court to decide a pretrial motion does not count toward the seventy-day limit. *Id.* § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The amount of time properly excluded due to a pretrial motion depends in part on whether the court holds a hearing on the motion. If the court holds a hearing, the Act excludes the period of time between the filing of the motion and the conclusion of the hearing, whether or not consideration of the motion caused "actual delay of the trial," *United States v. Wilson*, 835 F.2d 1440, 1443 (D.C. Cir. 1987), and whether or not the amount of delay that occurred was "reasonable," *Henderson*, 476 U.S. at 326–27. As the Supreme Court has explained, "Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Id.* at 330. If, after the hearing, the court takes the motion "under advisement," up to thirty days more may be excluded for delay occasioned by the court's consideration of the matter. 18 U.S.C. § 3161(h)(1)(J); *United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994).

4

If the court does not hold a hearing for the pretrial motion, the Act excludes the period of time between the filing of the motion and " 'the day the court receives all the papers it reasonably expects' to help it decide the motion." *Saro*, 24 F.3d at 292 (quoting *Henderson*, 476 U.S. at 329). After the court receives the necessary papers, the motion is considered "under advisement by the court," and up to thirty days more may be excluded while the court considers the matter. 18 U.S.C. § 3161(h)(1)(J); *Henderson*, 476 U.S. at 328–29; *see also Wilson*, 835 F.2d at 1442 (explaining that the Act excludes "the time between the filing of a motion and the date it is taken under advisement by the court, plus the time during which the court holds the motion under advisement (up to 30 days)").

The Act also excludes from the speedy trial calculation delay associated with the addition of a co-defendant. 18 U.S.C. § 3161(h)(7) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted"). The Supreme Court has stated: "All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. . . . [T]heir 70-day period [is] measured with respect to his." *Henderson*, 476 U.S. at 323 n.2; *see also United States v. Sutton*, 801 F.2d 1346, 1365 (D.C. Cir. 1986) (explaining that the exclusion of time for the addition of a co-defendant ensures that the government is not forced to choose between prosecuting defendants separately and violating the Speedy Trial Act). Accordingly, upon the addition of a new co-defendant, all defendants' speedy trial clocks are reset to day zero. *See* 5 WAYNE R. LaFAVE ET. AL., CRIMINAL PROCEDURE § 18.3(b), at 144 n.36 (3d ed. 2007) ("Under [18 U.S.C. § 3161(h)(7)], the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant

makes his initial appearance in court."). The Act also excludes delay caused by a co-defendant's pretrial proceedings, as "we have understood § 3161(h)(7) to mean that 'an exclusion applicable to one defendant applies to all codefendants.' " *Saro*, 24 F.3d at 292 (quoting *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980)).

## III.

This appeal turns on the effect of two pretrial filings and a superseding indictment on the computation of the seventy-day deadline called for by the Speedy Trial Act. The government contends that each of these events results in an exclusion of time from the computation. Smith argues they do not.

### *Rule 609 Filing*

On July 27, 2004, the government filed a notice of its intent to use the defendants' prior convictions to impeach their testimony if offered at trial. The government styled its filing a "Motion Regarding Rule 609 Evidence" and contends that it tolled the speedy trial clock from its filing date through the day it was heard by the court on the third day of trial.[1] Smith argues that the Rule 609 filing is better viewed as an evidentiary notice that does not qualify as a pretrial motion under the Speedy Trial Act and has no effect on the speedy trial clock.[2] We agree with Smith and conclude that the Rule 609 filing did not toll the speedy trial clock.

---

[1] Federal Rule of Evidence 609 sets forth the circumstances in which evidence of past convictions may be used to attack the character for truthfulness of a witness. *See* FED. R. EVID. 609.

[2] Smith made this argument only in his reply brief, but it came in response to the government's brief and so is properly raised. *See Env't Def. Fund v. EPA*, 210 F.3d 396, 401 n.8 (D.C. Cir. 2000)

In *United States v. Harris*, we recently held that a filing like the one made by the government in our case, a "Notice of Intent To Impeach Defendant with His Prior Convictions Pursuant to Fed.R.Evid. 609," was not a pretrial motion for purposes of the Speedy Trial Act, but was instead the type of notice described in Federal Rule of Criminal Procedure 12(b)(4).[3] 491 F.3d 440, 443–44 (D.C. Cir. 2007); *see also United States v. Bryant*, No. 06-3129, slip op. at 15 (D.C. Cir. Apr. 25, 2008) (explaining that in *Harris* "we held that a document titled 'Government's Notice of Intent to Impeach Defendant [Harris] with His Prior Convictions Pursuant to Federal Rule of Evidence 609' was 'not a motion' ") (alteration in original). In *Harris*, the defendant responded to the notice by requesting the court bar the government's use at trial of his prior convictions. It was only then that the issue was joined for the court's consideration, and we held that the defendant's response was a motion that tolled the speedy trial clock. 491 F.3d at 443–44. But in the present case, neither Smith nor co-defendant Rangolan responded in any way to the government's Rule 609 filing. Furthermore, the district court did not treat the filing as a motion. Rather, the court ignored the filing for almost twenty months, addressing it only at trial when it became relevant because of the government's planned cross-examination of Smith and after

---

(stating that petitioners' argument "was properly raised in its reply brief in response" to a statement made in the EPA's brief); *Bennett v. Tucker,* 827 F.2d 63, 70 n.2 (7th Cir. 1987) ("[W]here an appellee raises a [sic] argument not addressed by the appellant in its opening brief, the appellant may reply.").

[3] Federal Rule of Criminal Procedure 12(b)(4) states: "At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C)."

asking to be reminded by the government as to whether there were any Rule 609 issues pending. The Rule 609 filing thus fits our description of notices in *Harris*, and therefore was not a pretrial motion that tolled the speedy trial clock.

Our conclusion that the government's evidentiary filing was not a pretrial motion, in addition to being compelled by *Harris*, is animated by our understanding of the purpose of the Speedy Trial Act. The Act excludes time for the consideration of "any pretrial motion," *see United States v. Mentz*, 840 F.2d 315, 327 n.25 (6th Cir. 1988), but does not define the term "motion." In determining whether a filing is a motion, we are mindful of the Supreme Court's statement in *Henderson* that "[t]he provisions of the [Speedy Trial] Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." 476 U.S. at 331. Where, as here, the government submits an evidentiary notice that does not require the attention of the trial court before trial, it serves no purpose of the Act for us to treat the filing as a motion and toll the clock just because the government styled its filing as a "motion." In fact, allowing the government to toll the speedy trial clock by styling an evidentiary notice as a "motion" would compromise the purpose of the Speedy Trial Act. As the First Circuit has explained regarding pretrial submissions of evidence, to treat such filings, which are "commonly carried over until trial," as pretrial motions that toll the speedy trial clock would allow the government to circumvent the Speedy Trial Act by submitting its filings "at an early stage and then failing to press for prompt disposition." *United States v. Rush*, 738 F.2d 497, 505–06 (1st Cir. 1984). Surely, "[t]his was not the intent of Congress under [18 U.S.C. § 3161](h)(1)(F), or (h)(1) generally." *Id.* (citations omitted). Likewise we do not think it consonant with the purpose of the Speedy Trial Act to toll the clock for the filing of an unopposed evidentiary notice where

there is no evidence that the court was placed in a position to dispose of the filing. *See Henderson*, 476 U.S. at 331. Accordingly, we hold that the government's Rule 609 filing was not a pretrial motion and had no effect on the speedy trial clock.

*Effect of Adding Co-Defendant Cassandra Trent*

On October 29, 2004, more than four months after Smith was indicted, a superseding indictment added a new co-defendant, Cassandra Trent, and charged her with removal of property to prevent seizure. 18 U.S.C. § 2232(a). The government argues that Smith's speedy trial clock should be "reset so that it reflects the speedy trial clock of the newly added codefendant." *United States v. Lightfoot*, 483 F.3d 876, 885–86 (8th Cir. 2007). Smith points to the text of the Speedy Trial Act, which states only that a "reasonable period of delay" shall be excluded, 18 U.S.C. § 3161(h)(7), and argues that resetting Smith's clock in this case would be unreasonable.

The Supreme Court has stated that "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant," *Henderson*, 476 U.S. at 323 n.2, and we see no reason to depart from that practice here, *see also United States v. Casas*, 425 F.3d 23, 31 (1st Cir. 2005) ("The Supreme Court has interpreted [18 U.S.C. § 3161(h)(7)] to mean that the clock does not, in effect, begin to run until the date of the most recent defendant's initial appearance before the court."). Smith tries to show that where a superseding indictment does not change the charges against the defendant it should have no effect on the speedy trial clock, but the cases Smith cites either did not involve the addition of a new co-defendant, *United States v. Marshall*, 935 F.2d 1298, 1302 (D.C. Cir. 1991), or have been expressly

disavowed, *United States v. Santiago-Becerril*, 130 F.3d 11, 19 (1st Cir. 1997) (cited by Smith for the proposition that the addition of a new co-defendant does not reset the original defendant's speedy trial clock where the superseding indictment "was based on the original charges"); *abrogated by United States v. Barnes*, 251 F.3d 251, 258 (1st Cir. 2001) (explaining that, "[r]ead literally," the language from *Santiago-Becerril* "would contradict the Supreme Court's decision in *Henderson* (and, thus, would not command our allegiance)"). Smith also argues that we should apply criteria that other circuits have used to determine whether the excludable delay occasioned by the addition of a new co-defendant is reasonable. But the cases he cites concerned delay attendant to motions made by a co-defendant, not to the delay excluded by resetting the speedy trial clock to reflect the addition of a new defendant. *See United States v. Stephens*, 489 F.3d 647, 653–55 (5th Cir. 2007); *United States v. Vogl*, 374 F.3d 976, 983–84 (10th Cir. 2004).

The Speedy Trial Act excludes delay attributable to resetting a defendant's speedy trial clock upon the addition of a co-defendant so that the government will not be forced to choose between prosecuting defendants separately and violating the Speedy Trial Act. *See, e.g.*, *United States v. Sutton*, 801 F.2d 1346, 1365 (D.C. Cir. 1986). In view of this important policy, and the Supreme Court's straightforward application of this provision in *Henderson*, 476 U.S. at 323 n.2, we hold that the addition of co-defendant Trent on October 29, 2004 restarted Smith's speedy trial clock.

*Rule 404(b) Filing*

On January 13, 2006, the government filed a "Motion *In Limine* to Admit Certain Evidence Against Defendant Readie

Van Smith" under Federal Rule of Evidence 404(b).[4] In his opening brief, Smith calls the Rule 404(b) filing a motion, which he acknowledges would toll the speedy trial clock, but, seeking to limit the length of any tolling period, asserts that the filing should "arguably" toll the clock for only thirty days under 18 U.S.C. § 3161(h)(1)(J) "since it did not require a hearing." Smith Opening Br. at 7 n.13.[5]

The government responds by arguing to the contrary that the district court in fact held a hearing on the Rule 404(b) issue. Although no transcript or docket entry indicates that there was such a hearing or even when the district court agreed to allow use of the Rule 404(b) evidence at trial, the government argues nevertheless that the "logical assumption, in the absence of any other notation, is that the [Rule 404(b)] motion was heard at the pre-trial conference that was held on March 13, 2006." Gov. Br. at 21. The Rule 404(b) filing, so the argument goes, tolled the speedy trial clock until that date. *See* 18 U.S.C. § 3161(h)(1)(F). In the alternative, the

---

[4] Federal Rule of Evidence 404(b) allows for admission of "[e]vidence of [a defendant's] other crimes, wrongs, or acts . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[5] The dissent seizes upon Smith's use of the word "arguably" and characterizes his argument as a "conditional statement," suggesting that Smith was acknowledging that it was an open question whether the Rule 404(b) filing was a motion. *See post* at 1, 5, 6, 7. We cannot see how Smith's argument can reasonably be viewed this way. Although Smith's argument was conditional with regard to whether the Rule 404(b) filing should toll the clock for thirty days or longer, it was not conditional with regard to whether the filing was a motion that tolled the clock for *at least* thirty days. We understand Smith's use of the word "arguably" as nothing more than an acknowledgment that the record left room to debate the length of the tolling, but not the need for at least some tolling.

government argues that "even if the Court accepts [Smith]'s position that the Government's Rule 404(b) motion tolled the speedy-trial clock only [for thirty days] until February 12, 2006, [Smith] nonetheless was brought to trial within 70 days." Gov. Br. at 22 (citation omitted).

In his reply brief, Smith takes a new tack and abandons his argument that the Rule 404(b) filing was a motion that tolled the speedy trial clock. He argues instead that the Rule 404(b) filing "should be treated no differently than the Rule 609 pleading and that no time should be excluded." Smith Reply Br. at 10. Our rules do not allow this use of a reply brief. "We require petitioners and appellants to raise all of their arguments in the opening brief," *Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990), and have "repeatedly held that an argument first made in a reply brief ordinarily comes too late for our consideration,"[6] *Students*

---

[6] The dissent argues that we should relax our rule in this instance because we have "even addressed issues first presented by criminal defendants during oral argument," *post* at 3–4, but the dissent can point to no cases in which we have addressed a late argument of the type Smith made in this case. The three cases upon which the dissent relies are each distinguishable in important ways. In *United States v. Godines*, we had decided a significant case affecting the parties' arguments after briefs were submitted but before oral argument. 433 F.3d 68, 70 (D.C. Cir. 2006). *United States v. Barry* involved "only a different characterization of the evidence . . . discussed in appellant's briefs," not an entirely new argument. 938 F.2d 1327, 1340 n.16 (D.C. Cir. 1991). And in *United States v. Eniola*, we considered an argument first raised at oral argument only because a co-appellant had already raised and briefed the issue. 893 F.2d 383, 385 (D.C. Cir. 1990). Moreover, the dissent points to *United States v. Johnson* despite the fact that in that case we explicitly stated that the defendant's late argument was waived and considered its merits only insofar as to explain that "[e]ven if

*Against Genocide v. Dep't of State*, 257 F.3d 828, 835 (D.C. Cir. 2001); *see also* FED. R. APP. P. 28(c) ("The appellant may file a brief in reply to the appellee's brief."); *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring) ("A reply brief is for replying, not for raising a new ground . . . .").

To be sure, an appellant may use his reply brief to respond to a contention made by the appellee. *See Envtl. Def. Fund v. EPA*, 210 F.3d 396, 401 n.8 (D.C. Cir. 2000). But that is not what happened here. Smith did not respond to the government's argument that the court held a hearing on the Rule 404(b) filing. Rather, he used his reply brief to change course altogether and make a new and contradictory argument. After using his opening brief to characterize the Rule 404(b) filing as a motion that tolled the speedy trial clock, thus framing the issue as a question of whether the district court held a hearing to consider the merits of the filing, Smith argued in his reply brief that the filing was not a motion at all. Our rules do not allow such bait-and-switch tactics. *See Asociacion de Compositores v. Copyright Royalty Tribunal*, 809 F.2d 926, 928 (D.C. Cir. 1987) ("We will not consider a novel contention first advanced in a reply brief."); *Meredith v. Navistar Int'l Transp. Corp.*, 935 F.2d 124, 127–28 (7th Cir. 1991) ("Of course, an appellant cannot wait until the reply brief to present a new and different argument to this court . . . ."); *cf. Zedner v. United States*, 547 U.S. 489, 504 (2006) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . .") (internal quotation marks omitted; alteration in original).

---

the point were not waived, it would not prevail." 519 F.3d 478, 486 (D.C. Cir. 2008).

It may well be, as the dissent asserts, that what we said about the Rule 609 filing applies to the Rule 404(b) filing, so that "the Rule 404(b) filing is properly understood as a notice and not a motion that tolls the speedy trial clock." *Post* at 8. But this court has not yet decided whether a Rule 404(b) filing is a motion that tolls the speedy trial clock or a notice that does not, and Smith's argument that the filing is only a notice, in addition to being late, was wholly conclusory. *See* Smith Reply Br. at 10 (asserting, without explanation, that the Rule 404(b) filing "should be treated no differently than the Rule 609 pleading and that no time should be excluded"). To make new law in these circumstances strikes us as "entail[ing] the risk of an improvident or ill-advised opinion." *McBride v. Merrell Dow & Pharm., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986). We may, of course, through our own research remedy the deficiency in the parties' briefing and come to a reasoned conclusion regarding whether Rule 404(b) and Rule 609 filings are sufficiently similar such that Rule 404(b) filings should be treated as notices that do not toll the speedy trial clock, "but not without altering the character of our institution." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.). After all, "appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Id.*

We therefore do not consider Smith's late and new contention that the Rule 404(b) filing was, after all, not a motion. Furthermore, we need not consider the merits of Smith's initial argument that the Rule 404(b) filing tolled the clock for only thirty days. As we explain in Part IV, tolling the clock for thirty days after the date of the Rule 404(b) filing still brings Smith's trial within seventy days of his indictment, resulting in no violation of the Speedy Trial Act.

**IV.**

Having determined that the Rule 609 filing had no effect on the speedy trial clock, that the superseding indictment adding co-defendant Trent restarted the clock, and that the Rule 404(b) filing stopped the clock for at least thirty days, we now calculate the total number of non-excludable days that passed between Smith's indictment and trial. Smith was indicted on June 9, 2004. The parties agree that, due in part to a motion to set bond filed by Smith on August 10, 2004, less than seventy non-excludable days had passed when co-defendant Rangolan filed motions to suppress evidence on October 6, 2004. Smith Opening Br. at 7; Gov. Br. 18–19. Rangolan's motions were taken under advisement by the trial court on November 8, 2005 and tolled Smith's clock through December 8, 2005. *See United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980) ("[A]n exclusion applicable to one defendant applies to all codefendants."); *Saro*, 24 F.3d at 292 ("Once the hearing has been held . . . the statute also calls for the exclusion of a period 'not to exceed thirty days' during which the court actually holds the motion under advisement.") (citing 18 U.S.C. § 3161(h)(1)(J)). We note that Smith includes in his brief an assertion that the delay associated with his co-defendant's motions to suppress violated the district court's local rules, and for that reason "the entire seven month delay in hearing the motions to suppress should not be counted as excludable time pursuant to Subsection F." Smith Opening Br. at 13 (referring to 18 U.S.C. § 3161(h)(1)(F)). The Supreme Court made clear in *Henderson*, however, that as far as the Speedy Trial Act is concerned, all time between the filing of and the hearing on a motion is excluded, "whether that hearing was prompt or not." 476 U.S. at 326. Accordingly, Smith's claim with regard to the district court's rules has no effect on the speedy trial calculation.

At this point, on December 8, 2005, Smith's speedy trial clock is at day zero; it has been reset by the superseding indictment adding co-defendant Trent on October 29, 2004, and it has yet to begin running because co-defendant Rangolan's October 6, 2004 motions, which tolled the clock until December 8, 2005, were pending at the time Smith's clock was restarted. From December 9, 2005 until January 13, 2006, thirty-five days passed. As argued by Smith, the government's Rule 404(b) filing then tolled the clock from January 13, 2006 through February 12, 2006. *See* Smith Opening Br. at 7 n.13. Finally, excluding March 13, 2006, the day on which the district court held a pretrial conference, *see* 18 U.S.C. § 3161(h)(1) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant"); *United States v. Garrett*, 720 F.2d 705, 710 (D.C. Cir. 1983) (explaining that "Congress articulated its intent that the 'other proceedings' language be read broadly"), only thirty-five days passed between February 13, 2006 and March 20, 2006 — the first day of trial. This calculation includes the first day of trial. In *Harris*, we explained that "a logical consequence of not counting the date of indictment toward the seventy-day total is that we must count the date of trial." 491 F.3d at 443 n.1. Here, we do not count the date of indictment because Smith's speedy trial clock was reset upon the addition of co-defendant Trent, and we do not count the date Trent was added because co-defendant Rangolan's suppression motions were pending at that time. Our inquiry is whether Smith's trial began "*within* seventy days" of his indictment. 18 U.S.C. § 3161(c)(1) (emphasis added). The first non-excludable day, December 9, 2006, was a full day — unlike the day of indictment that was not counted in *Harris* — so we count both it and the first day of trial.

Adding together the thirty-five days that passed before the Rule 404(b) filing and the thirty-five non-excludable days that passed between February 13, 2006 and March 20, 2006, Smith's clock reached only day seventy, an amount consistent with the Speedy Trial Act's requirement. 18 U.S.C. § 3161(c)(1) ("[T]he trial of a defendant . . . shall commence *within seventy days* [of] the . . . indictment.") (emphasis added).

\* \* \*

For the foregoing reasons, Smith's trial did not violate the Speedy Trial Act. The judgment of the district court is therefore

*Affirmed.*

ROGERS, *Circuit Judge*, dissenting: The outcome of this appeal turns on whether a "Motion in Limine to Admit Certain Evidence" pursuant to FED. R. EVID. 404(b) filed by the government extends the period of time within which the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., requires a criminal defendant's trial to begin. The district court denied Smith's speedy trial motions without explanation, leaving him to guess about what arguments the government would make on appeal to support the conclusion that the trial timely commenced. The government first presented its argument that its Rule 404(b) filing is a tolling motion in its appellate brief. Smith addressed this new argument in his reply brief, and the court today adopts his reasoning in holding that the government's notice of its intent to offer evidence under FED. R. EVID. 609, also styled as a motion, did not toll the speedy trial clock. Nonetheless, the court holds that Smith has forfeited the Rule 404(b) issue because his argument was first raised in his reply brief and is inconsistent with a conditional, conclusory footnote in his initial brief. Op. at 11. This court has the discretion, however, to notice forfeited issues, and the purposes for applying forfeiture are absent here: there would be no prejudice to the government, which briefed the Rule 404(b) issue and presented its views during oral argument (and claims no prejudice), and the court is not at particular risk of rendering an ill-informed decision as it has heard from each party. In these circumstances, and because this is a criminal case where the error is controlled by the court's analysis of the Rule 609 filing and outcome determinative, the court should exercise its discretion to address Smith's argument. Therefore, I respectfully dissent.

Smith filed a motion to dismiss the indictment pursuant to the Speedy Trial Act on July 31, 2005, and orally renewed his motion on February 17, 2006. The government did not file a written opposition to Smith's motion, and its opposition of June 6, 2005 to a co-defendant's speedy trial motion necessarily did not address its January 13, 2006 Rule 404(b) filing. Neither did

the government respond to Smith's oral motion. While Smith cannot be deemed to have abandoned the Rule 404(b) filing issue in the district court, the court invokes the forfeiture doctrine whereby, pursuant to FED. R. APP. P. 28(a)(4), the court may decline to consider an argument first raised in a reply brief, Op. at 11 (citing *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 835 (D.C. Cir. 2001); *Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990)), and posits that Smith's footnote in his initial brief constituted an impermissible "bait and switch," Op. at 11.

The forfeiture doctrine has a long and honorable history. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993) (citing *Yakus v. United States*, 321 U.S. 414, 444 (1944)). As explained by this court, it "ordinarily," *see Students Against Genocide*, 257 F.3d at 835, applies to avoid unfair prejudice to the other side and the risk that the court might offer an "improvident or ill-advised opinion on the legal issues tendered," *McBride v. Merrell Dow & Pharm., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986); *see also United States v. Eniola*, 893 F.2d 383, 385 (D.C. Cir. 1990). But the forfeiture doctrine is neither rigid nor unyielding. The Supreme Court has stated in the related context of forfeiture pursuant to FED. R. CRIM. P. 52(b) that "where the life, or . . . liberty, of the defendant is at stake, the courts of the United States, in the exercise of a sound discretion, may notice [forfeited error]." *Olano*, 507 U.S. at 735-36 (internal quotation marks omitted and alteration in original). Where a criminal defendant fails altogether to raise an issue in the district court, the federal rules "leave[] the decision to correct the forfeited error within the sound discretion of the court of appeals," *id.* at 732; *cf. Hormel v. Helvering*, 312 U.S. 552, 557 (1941), which may even consider the issue where the defendant has additionally failed to identify it on appeal, *see Silber v. United States*, 370 U.S. 717, 718 (1962) (per curiam); *see also United States v. Baugham*, 449 F.3d 167, 170 (D.C. Cir. 2006) (citing

*Silber*, 370 U.S. at 718). The Supreme Court has instructed that such discretion "should be employed ''in those circumstances in which a miscarriage of justice would otherwise result,'''" *Olano*, 507 U.S. at 736 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982))), or where the "fairness, integrity or public reputation of judicial proceedings" is substantially affected, *id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). In accordance with this principle, Congress, in establishing the court's appellate authority, has provided for further proceedings "as may be just under the circumstances." 28 U.S.C. § 2106; *see Olano*. 507 U.S. at 735.

The court's reliance on civil cases, Op. at 11, ignores the fact that the court has very rarely applied forfeiture to avoid a meritorious argument raised by a criminal defendant in a reply brief. Usually, where the court has concluded that a criminal defendant raised an argument too late, it has noted that the argument also lacks merit.[1] Indeed, the court has even addressed issues first presented by criminal defendants during oral argument. *See United States v. Godines*, 433 F.3d 68, 70 (D.C. Cir. 2006); *United States v. Barry*, 938 F.2d 1327, 1340 n.16 (D.C. Cir. 1991); *Eniola*, 893 F.2d at 385. For instance, in *Johnson*, while the court stated that the defendant had waived a challenge to the adequacy of the jury verdict form by failing to raise it until oral argument, the court nonetheless analyzed the

---

[1] *See United States v. Johnson*, 519 F.3d 478, 486 (D.C. Cir. 2008); *United States v. Adefehinti*, 510 F.3d 319, 326-27 (D.C. Cir. 2007); *United States v. Southerland*, 486 F.3d 1355, 1360 (D.C. Cir. 2007); *United States v. Gurr*, 417 F.3d 144, 152 n.3 (D.C. Cir. 2006); *United States v. Johnson*, 216 F.3d 1162, 1167-68 (D.C. Cir. 2000); *United States v. Caicedo-Llano*, 960 F.2d 158, 164 n.4 (D.C. Cir. 1992); *United States v. Halderman*, 559 F.2d 31, 78 n. 113 (D.C. Cir. 1976).

issue on its merits, concluding that "it would not prevail" because the indictment and jury instructions properly explained the charged offense. 519 F.3d at 486-87. In the rare instance where the court has declined to consider the merits of an argument altogether, the criminal defendant has failed both to raise an issue in the district court and to meet his burden to show plain-error prejudice in his initial brief, as in *United States v. Wilson*, 240 F.3d 39, 44 (D.C. Cir. 2001), where the late claim of error also involved jury instructions.[2] Nonetheless, even in such a situation the court retains authority to notice *sua sponte* issues altogether ignored by the parties. *See Baugham*, 449 F.3d at 170 (citing *Silber*, 370 U.S. at 718). Although this discretion is exercised with restraint because of the particular risk for judicial decisionmaking where neither party has presented its analysis,[3] the court has rejected an approach that error "not raised or briefed" is necessarily beyond the court's consideration where substantial rights are involved, *United States v. Rhodes*, 886 F.2d 375, 379 (D.C. Cir. 1989).

The Rule 404(b) issue warrants this court's consideration for three reasons:

First, the briefs of both sides demonstrate that a rigid and formalistic application of forfeiture makes no sense in a speedy trial appeal where the district court record is barren. Because all

---

[2] In *Wilson*, the court remanded the ineffective assistance of counsel claim to the district court and vacated the sentence in light of an erroneous enhancement. 240 F.3d at 51.

[3] *See United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008); *United States v. West*, 392 F.3d 450, 459 (D.C. Cir. 2004); *United States v. Taylor*, 339 F.3d 973, 977 (D.C. Cir. 2003); *United States v. Mathis*, 216 F.3d 18, 28 n.14 (D.C. Cir. 2000); *United States v. Watson*, 171 F.3d 695, 699 n.2 (D.C. Cir. 1999); *United States v. Clarke*, 24 F.3d 257, 262 (D.C. Cir. 1994).

manner of motions, continuances, hearings, or other events may toll the mandatory period for bringing a defendant to trial, some give and take between the defendant and the government is inevitable. This is what happened here. In preparing his initial brief, Smith was confronted with two options: Either he could argue generally that too much time had passed and risk running afoul of the requirement that parties set forth their arguments in their initial briefs, *see Carducci*, 14 F.2d at 177; *see also* FED. R. CIV. P. 28(a)(9), or he could attempt preemptively to negate arguments that the government might present for the first time on brief. Smith chose the latter course and, in explaining the history of the case in his initial brief, referred to the government's Rule 404(b) "Motion in Limine" and included a conditional, conclusory footnote intimating, prior to the government ever arguing that its motion tolled the speedy trial clock, that it might be a motion that tolled the clock for no more than thirty days.[4] The government's brief, in turn, asks the court to agree with a key assumption underlying its argument that the Rule 404(b) filing was a motion that "clearly required a hearing." Appellee's Br. at 21. Conceding that no transcript or docket entry indicates when the district court considered the Rule 404(b) filing, the government maintains that "[t]he logical assumption, in the absence of any other notation, is that the motion was heard at the pre-trial conference that was held on March 13, 2006." *Id.*[5] Particularly because the court often

---

[4] The footnote stated: "Appellant asserts that arguably the motion in limine [to admit Rule 404(b) evidence] should also be subject to the 30 day restriction under Subsection J [18 U.S.C. § 3161(h)(1)(J)] since it did not require a hearing." Appellant's Br. 7 n.13; *see*; Op. at 10.

[5] The government's conjecture appears to be the basis for the court's statement that the district court treated the Rule 404(b) and Rule 609 filings differently. Op. at 14. However, nothing other than the Government's exercise in logic supports the position that the

disregards arguments presented only in footnotes, *see, e.g.*, *Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999) (en banc), transforming a defendant's preemptive conditional statement based on the government's own styling of its filing as a "motion" into a concrete position on an argument that the government has yet to present is far fetched; the absence of any claim of prejudice by the government evidences the meaninglessness of applying a bait-and-switch rationale in these circumstances.

Second, the concerns underlying the forfeiture doctrine about inadequately argued issues are nonexistent. Both parties briefed whether an evidentiary notice, styled by the government as a "motion," *see* Op. at 5, tolled the speedy trial clock. Specifically, each party's brief addressed the effect of the government's Rule 609 "motion" on the speedy trial clock. *See* Appellee's Br. at 12-17, Reply Br. at 2-5. In its brief the government also maintained that the Rule 404(b) filing tolled the speedy trial clock until the pre-trial conference on March 13, 2006. Appellee's Br. at 21. In his reply brief, Smith responded that the Rule 404(b) "'offer of proof' should be treated no differently than the Rule 609 pleading and that no time should be excluded." Reply Br. at 10.[6] Additionally, the effect of the

district court addressed the Rule 404(b) motion at the off-the-record pretrial conference.

[6] The court in part bases its decision to ignore the merits of the Rule 404(b) issue on Smith's "conclusory" discussion of it. Op. at 13. However, given the functional similarity of the Rule 404(b) and Rule 609 filings, each of which identified evidence that the government wanted to introduce at trial, Smith's express incorporation by reference is sufficient. To the extent the court also expresses concern about making new law, citing *McBride v. Merrell Dow & Pharmaceuticals, Inc.*, 800 F.2d 1208 (D.C. Cir. 1983), a civil case, Op. at 13, it ignores both its analysis of the Rule 609 filing and the

Rule 404(b) filing on the speedy trial clock was discussed extensively with the court during oral argument. *See* Oral Arg. Tape at 1:00-1:11; 3:00-3:50, 13:24-14:25; 16:40-17:20 (Nov. 19, 2007). These circumstances allay any concern that passing judgment on the Rule 404(b) issue risks an "improvident or ill-advised opinion," *McBride*, 800 F.2d at 1211, for lack of argument by one side.

Third, the government, despite the substantial discussion of the Rule 404(b) issue during oral argument, never claimed that it was prejudiced by the "new tack" in Smith's reply brief, Op. at 11. To the contrary, the government argued that its Rule 609 and 404(b) filings presented similar issues, *see* Oral Arg. Tape at 17:10, and it recognized the significance of the Rule 404(b) tolling issue in stating that "the 404(b) issue would have to be resolved [by the court]," *id.* at 16:47-16:53. Having argued the merits of Smith's "new tack" and identified no prejudice resulting from Smith's conditional footnote, the government has minimized any concern that it would be unfair to it for the court to address the merits of the Rule 404(b) filing.

The Supreme Court's admonition to courts of appeals to exercise their discretion where a defendant's liberty is implicated and in order to avoid serious unfairness, *Olano*, 507 U.S. at 736, applies to these circumstances. The concerns animating the forfeiture doctrine are nonexistent because both parties have been heard and there is no claim of prejudice. The error in treating the Rule 404(b) filing as a motion tolling the speedy trial clock is controlled by the court's analysis of the Rule 609 filing, Op. at 5-8, and is dispositive of Smith's statutory claim in this criminal appeal. Therefore, binding Smith to his footnote that adopted the government's styling of

court's en banc decision in *United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1989), discussed *infra*.

its Rule 404(b) filing as a "motion" and declining under a "bait and switch" rationale, Op. at 11, to consider his reply to the government's new and expansive argument on brief that its Rule 404(b) "motion" tolled the speedy trial clock gives insufficient weight to the important questions of liberty and the fairness of judicial proceedings involved in this case.

Because it behooves the court to exercise its discretion to consider the merits of Smith's argument about the government's Rule 404(b) filing, I would hold, based on the court's analysis of the Rule 609 filing in view of our precedent and the purpose of the Speedy Trial Act, Op. at 5-8, that the Rule 404(b) filing is properly understood as a notice and not a motion that tolls the speedy trial clock. The procedural question is long settled in this circuit. In *United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1998), the *en banc* court explained the procedure of admitting evidence pursuant to Rule 404(b), stating that "[t]he government must identify which of the matters listed . . . it is intending to prove . . . [and] *[i]f the defense objects*, the court must then satisfy itself that the evidence is relevant to that matter," *id.* at 1209 (emphasis added). Neither Smith nor his co-defendants raised a pretrial objection to the Rule 404(b) filing and no hearing was required on the government's notice of its intent to offer evidence at trial; hence, its "Motion in Limine" did not toll the speedy trial clock. Because the rights that Congress secured in the Speedy Trial Act do not hinge on labels applied by the parties to their filings, *see* Op. at 7-8; *Santoyo*, 890 F.2d 726, 727 (5th Cir. 1989); *cf. United States v. Noah*, 130 F.3d 490, 495 (1st Cir. 1997), Smith's trial, which did not commence until the hundredth day, was unlawfully delayed. Accordingly, I would remand the case to the district court to decide whether dismissal of the indictment should be with or without prejudice, *United States v. Sanders*, 485 F.3d 654, 660 (D.C. Cir. 2007).