ROGERS, Circuit Judge,
concurring in part and concurring in the judgment:
I join the court in remanding this matter to the Federal Aviation Administration (“FAA”) to address adequately the petition for rulemaking filed by Paul Hudson and the Flyers Rights Education Fund (“petitioners”) with respect to concerns about emergency egress from airplanes in light of decreases in seat size and pitch. See Op. 744-47. I also join the court in rejecting petitioners’ argument that 49 U.S.C. § 40101(a) required the FAA to consider matters of passenger health and comfort. See Op. 747-48. Unlike the court, however, I would decline to reach petitioners’ additional argument, first raised in their reply brief, that the concept of “safety” in 49 U.S.C. § 44701(a), a term that is not statutorily defined, “inherently includes and is intertwined with the health .of passengers.” Reply Br. 8. But see Op. 747-49.
The court does not usually address arguments first'raised in a reply brief, treating them as “waived,” in order to “prevent sandbagging of appellees and respondents.” CTS Corp. v. EPA, 759 F.3d 62, 60 (D.C. Cir. 2014) (quoting Novak v. Capital Mgmt. & Dev. Corp., 570 F.3d 305, 316 n.5 (D.C. Cir. 2009)); see United States v. Van Smith, 530 F.3d 967, 973- 74 (D.C. Cir. 2008) (citing cases and Fed, R. App. P. 28(c)). This, of course, is not to say that the court should disregard refinements made in a reply brief to an argument properly raised in an opening brief. Here, however, petitioners have offered two dis *750 tinct theories, based on different statutory provisions, for how the FAA misconstrued the scope of its statutory authority in dismissing passenger health and comfort concerns in responding to the petition for rulemaking—one in their opening brief and the other in their reply brief.
Petitioners contend in their opening brief that the FAA misconstrued its authority by refusing to consider passenger comfort and safety “because it interpreted its own statutory mandate to be limited to safety concerns.” Pet’r Br. 26. Although they acknowledge the FAA’s safety responsibilities under Section 44701(a), petitioners do not rely on this provision for their argument and instead maintain that the FAA has statutory duties distinct from its safety responsibilities that require it to consider passenger health and comfort, citing Sections 40101(a)(4) & (7). See id. at 26-27. Specifically, petitioners state in their opening brief: “To be sure, the FAA has a statutory responsibility to ‘promote safe flight of civil aircraft in air commerce.’ 49 U.S.C. § 44701(a). But it also has a responsibility, in regulating the industry, to consider a number of other factors .... ” Pet’r Br. 26 (emphasis added). Petitioners then cite various obligations under Section 40101(a) that require consideration of the needs and interests of the public, and contend that these provisions create a “clear statutory command” to consider passenger health and comfort concerns. Id. at 26-27 (quoting Massachusetts v. EPA, 549 U.S. 497, 533, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007)). In petitioners’ view, “the FAA believed, incorrectly, that it was not legally obligated even to consider the ‘needs of the public’ with respect to passenger health and safety,” id. at 27, quoting Section 40101(a)(7).
Thus, it is evident that in then- opening brief petitioners conceived of health and safety as distinct factors, with the FAA’s corresponding health obligations arising under different statutory provisions than its safety responsibilities under Section 44701(a). Only after the FAA pointed out in its responsive brief that Section 40101(a), on which petitioners relied in their opening brief, applies to the Secretary of Transportation rather than the FAA, see Resp’t Br. 19, did petitioners raise in their reply brief the additional argument that “health” is a component of “safety” under Section 44701(a), Reply Br. 8. As presented by petitioners in their briefs to this court, one statutory theory is not “baked into” the other. The FAA responded in its brief to the only theory presented in petitioners’ opening brief and had no opportunity to respond in its brief to petitioners’ second theory presented for the first time in their reply brief. Stepping in, the court offers its own view on how the FAA construes its own authority under Section 44701(a), without the benefit of briefing from the FAA on this question. See Op. 748-49.
Petitioners offer no explanation for their failure to raise both arguments in their opening brief, none is apparent from the record, and no extraordinary circumstances excuse their failure to do so. The court seeks to avoid our precedent by suggesting that petitioners’ statutory argument simply “evolved” in their reply brief, Op. 748 n.6, but references to arguments presented in the rulemaking petition'to the FAA, see id., that petitioners did not, in fact, raise in their opening brief does not eliminate the “sandbagging” of the FAA that has occurred on appeal. After all, litigants may have several reasons to think an agency has erred, but they make choices about which arguments to present on appeal; opposing parties in filing a responsive brief legitimately confine their response to the arguments presented in the opening brief. It is hardly common practice to ignore whether the opposing party *751 has notice of the other party’s position, but see id., and this court has tended to take a strict view of the obligation on appealing parties to set forth their arguments in their opening briefs, see, e.g., Am. Wildlands v. Kempthorne, 530 F.3d 991, 1001 (D.C. Cir. 2008); Van Smith, 530 F.3d at 973-74 (citing cases). Consequently, in accordance with the court’s precedent, I would not reach the new statutory theory presented only in petitioners’ reply brief.