**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4698

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN ELLIS, a/k/a Jeffery, a/k/a Jeffery Laptop,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:15-cr-00799-RMG-5)

Submitted: October 17, 2019                         Decided: October 25, 2019

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Lauren E. Britsch, Austin M. Berry, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Dean H. Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Ellis appeals from his convictions entered pursuant to his guilty plea to child pornography conspiracies. He contends that the district court erred by denying his motion to dismiss the indictment under the Speedy Trial Act ("STA"), 18 U.S.C. § 3162 (2012). We affirm.

Ellis contends that the district court misinterpreted the time exclusion provisions of the STA during its analysis of his speedy trial claim. Specifically, Ellis asserts that the district court erred by excluding time when his codefendants' cases were continued, given that his case was either not explicitly continued or he objected to the continuance. Ellis also avers that the court improperly determined that the "ends of justice" merited continuances.

The STA requires that a defendant's trial must begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (2012). The STA provides for the exclusion of certain delays when computing the time within which a defendant's trial must commence. 18 U.S.C. § 3161(h) (2012). Specifically, the STA excludes delays resulting from the granting of a continuance "if the judge granted [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

If a defendant's trial does not begin within 70 days as required by § 3161(c), taking into consideration excludable delays, the district court must dismiss the indictment, upon

2

the defendant's motion. 18 U.S.C. § 3162(a)(2); *United States v. Henry*, 538 F.3d 300, 303-304 (4th Cir. 2008). The defendant bears the burden of proving a violation of the STA. 18 U.S.C. § 3162(a)(2). We review de novo a district court's interpretation of the STA and review the court's related factual findings for clear error. *United States v. Bush*, 404 F.3d 263, 272 (4th Cir. 2005).

Ellis had his initial appearance in South Carolina on April 3, 2017. On April 7, June 6, and August 8, the court continued Ellis's codefendants' cases, and with regard to the second two dates, Ellis's case was explicitly continued, despite his objections. Ellis argues that the district court excluded 113 days between April 3 and September 26, the date he signed his plea agreement, based upon the joint trial/ends of justice analyses. He asserts that at least 99 of these days were improperly excluded.

For a continuance period to toll the speedy trial clock, a court must explain, "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Kellam*, 568 F.3d 125, 137 (4th Cir. 2009). In doing so, the judge must consider: whether failure to grant the motion would result in a miscarriage of justice; whether the case is unusual or complex; and whether the failure to grant such a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

"Th[e] [ends-of-justice] exception to the otherwise precise requirements of the [STA] was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (internal quotation marks omitted). This requirement serves two purposes: "ensur[ing] the district court considers the relevant factors and provid[ing] this court with an adequate record to review." *Id.* "In setting forth its findings, however, the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (internal quotation marks omitted). "The court's statement of reasons need not be lengthy and need not track the statutory language," but it should be enough to ensure that the district court considered the relevant factors and that this court has an adequate record to review. *O'Connor*, 656 F.3d at 643 (internal quotation marks omitted).

Here, while the district court's reasoning was not detailed and did not discuss every factor, the court explicitly found, for each continuance, that the ends of justice would be served and outweighed the interests in a speedy trial. The court ruled, as to each continuance, that defense counsel needed additional time to prepare. We find that, under the circumstances, this reasoning was sufficient. The parties were generally in agreement both that continuances were required and why a delay was necessary. While Ellis opposed continuances, he did not dispute that the other codefendants needed more time to review discovery and otherwise prepare. Given "the 'broad discretion [placed] in the [d]istrict [c]ourt to grant a continuance when necessary to allow further preparation,'" *United States v. Shealey*, 641 F.3d 627, 632 n.* (4th Cir. 2011) (first alteration in original) (quoting

4

*United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985)), the district court's determination and explanation were not error. Thus, continuances were properly and explicitly granted in Ellis's case on June 6 and August 8. Given that less than 70 days elapsed between April 3 and June 6, the holding that the district court properly determined that the ends of justice required continuances is case determinative.[*]

Given all the exclusions, Ellis is not entitled to relief on his STA claim. Accordingly, we affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent that Ellis contends that the continuances, for the benefit of his codefendants, should not have been applied to him, we note that, in a case involving several defendants, time excludable for one defendant is excludable for all defendants. 18 U.S.C. § 3161(h)(6); *United States v. Sarno*, 24 F.3d 618, 622 (4th Cir. 1994). This rule avoids putting the Government in the position of having "to choose between prosecuting defendants separately and violating the Speedy Trial Act." *United States v. Van Smith*, 530 F.3d 967, 972 (D.C. Cir. 2008).