UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
        v.                                )        Criminal No. 21-0332 (PLF)
                                          )
PAUL RUSSELL JOHNSON and                  )
STEPHEN CHASE RANDOLPH                     )
                                          )
        Defendants.                       )
_____ )


MEMORANDUM OPINION AND ORDER

During a status conference in this matter on July 27, 2021, the government requested another status conference in approximately 60 days and further requested that the Speedy Trial Act be tolled until then in order for the government to continue producing voluminous discovery and to engage in plea discussions. Mr. Randolph agreed that a status conference in 60 days would be appropriate and further agreed to waive his right to a speedy trial for a period of 60 days. Mr. Johnson opposed the government's request and asked the Court to schedule a trial date. The Court set a status conference for September 23, 2021 and ordered that the time be excluded under the Speedy Trial Act in the interests of justice, pursuant to 18 U.S.C. § 3161(h)(7)(A). It cited the government's ongoing need to provide discovery and the possibility of plea discussions between the government and at least one of the defendants. The Court also noted that it was relying in part upon a provision of the Speedy Trial Act that permits exclusion of time in cases involving co-defendants.

The Speedy Trial Act ("the Act") states: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "In counting those seventy days, certain periods of delay 'shall be excluded.'" United States v. Speight, 941 F. Supp. 2d 115, 117 (D.D.C. 2013) (quoting 18 U.S.C. § 3161(h)). Two exclusions apply here.

First, the Act excludes delay "if the judge granted [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Second, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "To explain, when defendants with ticking clocks are joined together, each defendant's speedy-trial clock is 'synchronized with the clock of the defendant with the most time remaining.'" United States v. Speight, 941 F. Supp. at 118 (quoting United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007)). That means that "an exclusion applicable to one defendant applies to all codefendants." United States v. Saro, 24 F.3d 283, 292 (D.C. Cir. 1994) (quoting United States v. Edwards, 627 F.2d 460, 461 (D.C. Cir. 1980)). "[D]elay caused by a co-defendant's pretrial proceedings" is excluded under this provision. United States v. Van Smith, 530 F.3d 967, 970 (D.C. Cir. 2008) (excluding time for one defendant where his co-defendant filed motions to suppress evidence, which tolled the speedy trial clock).

For the reasons stated during the July 27, 2021 status conference, the Court concludes that it is in the interests of justice as to both defendants to exclude a period of approximately 60 days. See 18 U.S.C. § 3161(h)(7)(A). "During the excluded time, Defendants

can review the materials being produced by the Government, and both sides can engage in meaningful plea discussions. Indeed, this is why [Mr. Johnson's co-defendant was] amenable to the time exclusion." United States v. Speight, 941 F. Supp. 2d at 118. Those 60 days are also excluded as to Mr. Johnson because the time for trial has not yet run for Mr. Randolph. See 18 U.S.C. § 3161(h)(6). "As long as [Mr. Johnson] is joined to his co-Defendant[], reasonable exclusions of time for [Mr. Randolph] . . . will likewise delay [Mr. Johnson's] speedy-trial clock . . . ." United States v. Speight, 941 F. Supp. 2d at 118-19. Accordingly, for the reasons stated herein and on the record during the July 27, 2021 status conference, it is hereby

ORDERED that the time between July 27, 2021 and September 23, 2021 be excluded under the Speedy Trial Act; and it is

FURTHER ORDERED that defendants shall appear for a status conference on September 23, 2021 at 2:00 p.m.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: July 29, 2021